**MIRAMAR PETROLEUM,
INC., Appellant,**

v.

**CIMARRON ENGINEERING,
LLC, Appellee.**

**NUMBER 13–15–00251–CV**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Delivered and filed January 7, 2016.

Audrey Mullert Vicknair, Law Office of Audrey Mullert Vicknair, Corpus Christi, TX, for Appellant.

Clinton J. Echols, Rymer, Moore, Jackson & Echols, PC, Houston, TX, for Appellee.

Before Chief Justice Valdez and Justices Rodriguez and Perkes

## OPINION

Opinion by Justice Rodriguez

This is the second time we have addressed issues between these parties in interlocutory certificate-of-merit appeals. After the trial court entered an order dismissing Miramar's claims without prejudice, appellant Miramar Petroleum, Inc. (Miramar) appeals the trial court's subsequent order granting appellee Cimarron Engineering LLC's (Cimarron) motion to dismiss Miramar's re-filed suit with prejudice. See TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(e) (West, Westlaw through 2015 R.S.). We reverse and remand.

### I. BACKGROUND

This lawsuit concerns damages related to a "blow out" at an oil and gas well known as Sartwelle # 1, which is owned by Miramar and located in Jackson County, Texas.[1] On August 6, 2013, Miramar filed its first amended original petition naming Cimarron as a defendant. Miramar did not attach a certificate of merit to its amended petition. Cimarron filed its first motion to dismiss pursuant to Chapter 150 of the civil practice and remedies code asserting that a certificate of merit was required. The trial court denied Cimarron's motion to dismiss, and Cimarron filed

---

1. We set forth the facts regarding the underlying lawsuit are set forth in *Cimarron Engineering, LLC v. Miramar Petroleum, Inc.* No. 13–14–00163–CV, 2014 WL 2937012, at *1–3 (Tex.App.—Corpus Christi June 26, 2014, no pet.) (mem.op.).

an interlocutory appeal challenging that denial.

In *Cimarron Engineering, LLC v. Miramar Petroleum, Inc.*, we considered the application of Texas Civil Practice and Remedies Code Chapter 150 to Miramar's claims against Cimarron and determined that Miramar was required to have filed a certificate of merit with its petition. *See generally* No., , at *6 (Tex.App.—Corpus Christi June 26, 2014, no pet.) (mem.op.). Having determined that Chapter 150 required dismissal of Miramar's claims against Cimarron, we remanded the case to the trial court for a determination of whether the dismissal of Miramar's claims against Cimarron should be with or without prejudice. *See id.* at *5–6 (recognizing that the determination of whether dismissal should be with or without prejudice is subject to the trial court's discretion).

On remand, the trial court entered an order dismissing Miramar's claims against Cimarron without prejudice. Miramar then refiled its claims against Cimarron in a sixth amended petition. In its sixth amended petition, Miramar alleged that it had only ten days before the expiration of the statute of limitations on its claims against Cimarron and that because of the time constraints, an affidavit of a third-party licensed professional could not be prepared. Miramar cited civil practice and remedies code section 150.002(c) for the exception to the requirement that it file a certificate of merit contemporaneously with its sixth amended petition. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(c) (West, Westlaw through 2015 R.S.) (stating that "[t]he contemporaneous filing requirement ... shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party ... licensed professional engineer ... could not be prepared"). Miramar subsequently filed its certificate of merit on May 8, 2015, approximately twenty-four days after filing its sixth amended petition but within the thirty-day period provided by civil practice and remedies code section 150.002(c). *See id.*

On the same day that Miramar filed its certificate of merit Cimarron filed a motion to dismiss Miramar's newly-filed claims against it with prejudice, alleging that Miramar's certificate of merit was untimely because it was not filed with its first amended original petition naming Cimarron as a party.[2] On May 12, 2015, without notice or hearing and despite the fact that the motion had only been on file for two business days, the trial court

---

2. Cimarron did not contest the application of section 150.002(c)'s exception to subsection (a)'s contemporaneous filing requirement in its motion to dismiss before the trial court. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a), (c) (West, Westlaw through 2015 R.S.). It now raises an argument for the first time on appeal that the exception to subsection (a) applies only to the first-filed claim. *See id.* "We must uphold a lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment." *Guar. County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 658 (Tex.1986); *accord In re Estate of Jones*, 197 S.W.3d 894, 901 (Tex.App.—Beaumont 2006, pet. denied) ("A reviewing court must uphold a correct trial court judgment on any legal theory properly before the trial court."). In this case, however, Cimarron did not argue section 150.002(c)'s application in its motion to dismiss, and Miramar had no opportunity to respond. *See Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 290 (Tex.App.—Dallas 2008, pet. denied) ("We will not affirm the trial court's order based on a legal theory not presented to the trial court and to which Victoria Gardens had no opportunity to respond."). Therefore, that legal theory was not properly before the trial court, and we do not address the argument on appeal.

signed an order dismissing Miramar's claims with prejudice.[3] Miramar filed its notice of appeal on May 13, 2015.

On May 13, 2015, Miramar also filed a motion to reconsider the trial court's order dismissing its claims with prejudice. At the hearing on Miramar's motion to reconsider, the trial court heard argument on Cimarron's motion to dismiss and subsequently denied Miramar's motion to reconsider, leaving his order dismissing Miramar's claim with prejudice standing.[4] Miramar filed its amended notice of appeal to reflect the trial court's most recent ruling, and this appeal followed.

## II. CIMARRON'S MOTION TO DISMISS

By its sole issue, Miramar contends that the trial court abused its discretion by granting Cimarron's motion to dismiss with prejudice because its "newly-filed action" was supported by a certificate of merit. Cimarron responds that the trial court did not abuse its discretion by dismissing Miramar's claims with prejudice because Miramar did not file its certificate of merit contemporaneously with its first petition against Cimarron, as Cimarron argues was required by Chapter 150.

We review an order granting a Chapter 150 motion to dismiss under an abuse of discretion standard. *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex.App.—Dallas 2014, pet. denied). However, we conduct a de novo review of the issue if its resolution requires us to interpret or construe the statutory language. *Id.* (citing *Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 425 (Tex.App.—Dallas 2012, no pet.). Therefore, our analysis determining the application of Chapter 150 to claims refiled after being dismissed without prejudice is pursuant to a de novo review. *See id.*

The language of section 150.002(e) provides that "[t]he plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (West, Westlaw through 2015 R.S.). Therefore, under section 150.002(e), a trial court is required to dismiss a complaint if the plaintiff did not file a certificate of merit in compliance with the statute. *See Id.* Though the trial court is required to dismiss the complaint if it was filed without a certificate of merit,

---

**3.** Miramar submitted the affidavit of the county clerk for Jackson County, Texas, who acknowledged her error in presenting the motion to the trial court for signature without receiving a request from the filing attorney to do so.

**4.** On appeal, Cimarron alleges that the trial court's affirmative ruling on Cimarron's motion to dismiss Miramar's claims with prejudice was, in fact, a reconsideration of its previous dismissal without prejudice. However, the record indicates that Cimarron failed to file a motion for reconsideration to the initial dismissal without prejudice entered by Judge Starr. In fact, after Miramar filed its amended petition adding Cimarron as a party, Cimarron's motion to dismiss raised only legal arguments under section 150.002.

Cimarron's second motion to dismiss did not reference the trial court's previous order dismissing Miramar's suit without prejudice and instead raised new arguments. Judge Koetter granted Cimarron's motion to dismiss pursuant to section 150.002 though he was not the presiding judge on the case. Miramar subsequently filed a motion to reconsider. During the hearing on the motion to reconsider, the parties argued only about the trial court's ruling dismissing Miramar's live pleading with prejudice. Therefore, the record is devoid of any evidence by which we could consider the trial court's subsequent ruling on Cimarron's motion to dismiss with prejudice as a reconsideration of Judge Starr's ruling dismissing Miramar's initial lawsuit without prejudice.

the statute gives the trial court discretion as to whether it dismisses the plaintiff's claim with or without prejudice. *See id.*; *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 461 S.W.3d 627, 630 (Tex.App.—Fort Worth 2015, pet. denied) (" 'May,' when used in a statute, indicates that the provision is discretionary, not mandatory.") (citing Tex. Gov't Code Ann. § 311.016(1) (West 2013)); *Envirobusiness*, 463 S.W.3d at 76.

The Fort Worth Court of Appeals made the following distinction in *Starwood* :

> A dismissal with prejudice is an adjudication of the parties' rights; a dismissal without prejudice is not. That is, a dismissal with prejudice operates as res judicata to bar the dismissed claims. But a dismissal without prejudice means that the same claims may be refiled in an entirely new cause.

461 S.W.3d at 630 (internal citations omitted). The court went on to hold that "[t]he plain language of section 150.002(e) authorizes a dismissal without prejudice." *Id.* (rejecting the argument that a dismissal without prejudice entitled the underlying defendant to an automatic dismissal of subsequently refiled claims); *see also Envirobusiness*, 463 S.W.3d at 76–77 (rejecting the argument that section 150.002(a)'s requirement that a certificate of merit be filed with the complaint means only the "first-filed" complaint).

■ Instead, section 150.002 requires that "the certificate of merit be filed with the first petition filed in a particular 'action' or suit raising claims subject to the statute." *Envirobusiness*, 463 S.W.3d at 76 (noting that "action" refers to a lawsuit, not to claims asserted within a lawsuit). Therefore, when a plaintiff files a new action after a dismissal without prejudice and "includes a certificate of merit with the first-filed petition in *that* action, the plaintiff has complied with the plain language of the statute." *Id.* at 77 (emphasis added) (recognizing that the legal effect of a dismissal without prejudice places the parties in "the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought"); *but see Bruington Engineering, Ltd. v. Pedernal Energy, L.L.C.*, 456 S.W.3d 181, 183 (Tex.App.—San Antonio 2014, pet. filed) (holding that a trial court has no discretion to dismiss a case without prejudice unless the exception found in 150.002(c) applied).[5]

We conclude that section 150.002(e)'s provision grants the trial court discretion to dismiss a complaint without prejudice reveals the legislature's intent to allow a plaintiff to re-file a suit, not otherwise barred, in compliance with the statute. We therefore determine that Miramar, under the facts of this case, included a certificate of merit with its sixth amended petition against Cimarron in compliance with section 150.002. *See Starwood*, 461 S.W.3d at 630–31; *Envirobusiness*, 463 S.W.3d at 76–78; see also Tex. Civ. Prac. & Rem.Code Ann. § 150.002. In this instance, the trial court erred when it dismissed Miramar's re-filed claims with prejudice pursuant to section 150.002.[6] *See Starwood*, 461

---

5. We note that the Texas Supreme Court has requested additional briefing on this case.

6. The trial court would have been within its discretion to dismiss Miramar's claims with prejudice upon remand. *See Cimarron*, 2014 WL 2937012, at *5. However, upon dismissing Miramar's claims without prejudice, the trial court could not then rely on Chapter 150 to subsequently dismiss Miramar's re-filed claims with prejudice. *See CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 461 S.W.3d 627, 630 (Tex.App.—Fort Worth 2015, pet. denied); *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex.App.—Dallas 2014, pet. denied).

S.W.3d at 630–31; *Envirobusiness*, 463 S.W.3d at 76–78.

We sustain Miramar's sole issue on appeal.[7]

### III. CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

**7.** Miramar also contends, as part of its first issue, that the trial court violated its right to due process when it granted Cimarron's motion to dismiss without notice or hearing. Because our resolution of Miramar's first issue is dispositive of the appeal, we do not reach Miramar's remaining due process argument. *See* TEX.R.APP. P. 47.1.