**Affirmed and Opinion filed April 5, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00091-CV

## THOMPSON HANCOCK WITTE & ASSOCIATES, INC., Appellant

## V.

## STANLEY SPURLING & HAMILTON, INC., Appellee

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-81155-A**

## OPINION

Appellant, Thompson Hancock Witte & Associates, Inc. ("Thompson Hancock"), appeals from the trial court's final judgment dismissing its claims against appellee, Stanley Spurling & Hamilton, Inc. ("Stanley Spurling"). Concluding that the trial court did not err when it granted Stanley Spurling's Chapter 150 motion to dismiss for failure to file a certificate of merit, we affirm. *See* Tex. Civ. Prac. & Rem. Code § 150.002 (mandating dismissal of claim for damages arising out of the provision of professional engineering services if a

claimant fails to file with the complaint a certificate of merit prepared by a licensed professional engineer).

## BACKGROUND

This appeal stems from a construction project. Brazos Presbyterian Homes, Inc. owns Bayou Manor, a senior living community in Houston. Brazos wanted to add a residential tower to Bayou Manor and it contracted with architectural firm Thompson Hancock to design the addition. Brazos contracted with another company, Lendlease (US) Construction, Inc., to serve as general contractor on the project. Issues arose and eventually Brazos filed suit against Lendlease alleging breach of contract and other causes of action.

Not long after the lawsuit was filed, the Bayou Manor campus flooded during Hurricane Harvey and it allegedly sustained substantial damage. Brazos believed the flooding was caused, at least in part, by Thompson Hancock's improper design of a retaining wall. Brazos then added Thompson Hancock as a defendant in its Second Amended Petition in the ongoing lawsuit against Lendlease. Brazos attached two certificates of merit to the petition. The first was prepared by Douglas Bell, a professional engineer. The second was prepared by Daniel Figert, a licensed architect emeritus in the State of Texas.[1]

Thompson Hancock filed its original answer in December 2018. Thompson Hancock then filed a third-party petition against Stanley Spurling alleging breach

---

[1] Thompson Hancock filed a motion to dismiss Brazos' claims against it arguing Figert was not qualified to prepare a certificate of merit because he held an architect emeritus license. *See* Tex. Civ. Prac. & Rem. Code § 150.002 (authorizing dismissal of claim for damages arising out of the provision of professional architectural services if a claimant fails to file with the complaint a certificate of merit prepared by an architect holding the "same professional license or registration as the defendant"). The trial court denied Thompson Hancock's motion and Thompson Hancock filed an interlocutory appeal challenging that denial in Cause Number 14-20-00827-CV. We denied Thompson Hancock's challenge to the trial court's denial of its motion to dismiss in an opinion issued the same day as this opinion.

2

of contract and negligent design. Thompson Hancock alleged Stanley Spurling was responsible for the design of the retaining wall that Brazos alleged was defectively designed and was therefore responsible for the flooding during Hurricane Harvey. Thompson Hancock observed that Brazos had "filed a Certificate of Merit relating to its allegations against [Thompson Hancock]." Thompson Hancock continued that it was "not required to file an additional Certificate of Merit." Thompson Hancock did not attach any certificates of merit to its third-party petition. Stanley Spurling subsequently answered and filed a counterclaim against Thompson Hancock.

After the parties engaged in discovery, Stanley Spurling demanded that Thompson Hancock pay for Stanley Spurling's attorneys' fees and expenses. It also demanded that Thompson Hancock non-suit with prejudice its claims against Stanley Spurling. Finally, it notified Thompson Hancock that if it failed to accept these demands, Stanley Spurling would file an amended counterclaim seeking sanctions for filing baseless pleadings.

When Thompson Hancock did not respond, Stanley Spurling amended its counterclaim against Thompson Hancock. The next day, Thompson Hancock sent an email offering to non-suit its claims against Stanley Spurling "if, and only if, [Stanley Spurling] first non-suits its Counter-claim against [Thompson Hancock] and it is agreed that all parties bear their own fees and costs." After additional emails, Stanley Spurling's counsel notified Thompson Hancock's counsel that he had "received authorization to engage in mutual dismissals." Stanley Spurling's counsel continued that Stanley Spurling would file a notice of non-suit of [Stanley Spurling's] counterclaim against [Thompson Hancock], without prejudice, with each party bearing its own costs." Thompson Hancock's counsel responded "Agreed." Stanley Spurling then filed a notice of non-suit without prejudice.

3

Thompson Hancock did the same a few days later.

A few months later, Thompson Hancock refiled its third-party petition against Stanley Spurling making the same allegations and asserting the same causes of action that it had raised in its non-suited third-party petition. It once again stated that Brazos "had filed a Certificate of Merit relating to its claims against [Thompson Hancock]" and that Thompson Hancock was "not required to file an additional Certificate of Merit." Thompson Hancock once again dd not attach any certificates of merit to its newly refiled third-party petition.

Stanley Spurling responded by filing three things with the trial court. First, it filed the email string between the parties' attorneys as a Rule 11 Agreement. It then filed a Chapter 150 Motion to Dismiss Thompson Hancock's third-party petition. *See* Tex. Civ. Prac. & Rem. Code § 150.002. Finally, Stanley Spurling filed a motion to enforce the Rule 11 agreement between the parties by dismissing Thompson Hancock's third-party petition.

Eventually, the trial court granted both of Stanley Spurling's motions in separate orders. In the order granting Stanley Spurling's motion to enforce the parties' Rule 11 Agreement, the trial court ordered that Stanley Spurling be "dismissed from the lawsuit." In the order granting Stanley Spurling's Chapter 150 Motion to Dismiss, the trial court dismissed Thompson Hancock's claims against Stanley Spurling with prejudice. The trial court then severed all claims between Thompson Hancock and Stanley Spurling into a separate lawsuit resolving all claims between these two parties making the judgment final and appealable. This appeal followed.

## ANALYSIS

Thompson Hancock raises two issues in this appeal challenging the trial

4

court's dismissal of its third-party claims against Stanley Spurling. In its first issue, Thompson Hancock argues the trial court erred when it dismissed Thompson Hancock's third-party petition against Stanley Spurling based on a Rule 11 Agreement that required each party to non-suit its claims against the other. Thompson Hancock argues in its second issue that the trial court abused its discretion when it dismissed Thompson Hancock's third-party petition against Stanley Spurling pursuant to Chapter 150 of the Texas Civil Practice and Remedies Code for failing to attach a certificate of merit to its refiled third-party petition. Because we conclude the trial court did not abuse its discretion when it dismissed Thompson Hancock's claims pursuant to Chapter 150, we need not address Thompson Hancock's first issue. With that introduction, we turn to Thompson Hancock's second issue.

## I.    Standard of review

This is an appeal from the trial court's final judgment based on the granting of Stanley Spurling's motion to dismiss filed pursuant to Chapter 150 of the Texas Civil Practice and Remedies Code. We review a trial court's order dismissing claims pursuant to section 150.002 for an abuse of discretion. *Dunham Engineering, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court does not demonstrate an abuse of discretion. *Id.* The trial court, however, abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *Id.* A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Id.*

This appeal also requires us to review the trial court's interpretation and application of various statutes. Statutory interpretation presents a question of law

subject to de novo review. *Bracey v. City of Killeen*, 417 S.W.3d 94, 103 (Tex. App.—Austin 2013, no pet.). Our primary objective in statutory construction is to give effect to the legislature's intent. *Id.* We first look to the statute's text to determine the legislature's intent. *Id.* When the statutory text is clear, it is determinative of the legislature's intent. *Id.* at 104. In that situation, we give the statute its plain meaning without resorting to rules of construction or extrinsic aids. *Id.* Only when a statute is susceptible to more than one reasonable interpretation does a court look beyond its language for assistance in determining legislative intent. *Id.* We view statutory terms in context, giving them full effect. *Id*. at 103. We presume that every word of a statute was used for a purpose, and every omitted word was purposefully not chosen. *Texas Law Shield LLP v. Crowley*, 513 S.W.3d 582, 588 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). In determining the plain meaning of a statute, we construe the language according to the rules of grammar and common usage. *Id.* "As a general principle, we eschew constructions of a statute that render any statutory language meaningless or superfluous." *City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 57 (Tex. 2015). When construing statutes, "we are bound to apply the statutory definition in deciding the question before us." *Nelson v. Union Equity Co-op. Exch.*, 548 S.W.2d 352, 355 (Tex. 1977). Finally, we presume that the Legislature was aware of the background law and acted with reference to it when it enacts a statute. *Bracey*, 417 S.W.3d at 104; *see In re Allen*, 366 S.W.3d 696, 706 (Tex. 2012) (stating courts presume that the Legislature uses statutory language "with complete knowledge of the existing law and with reference to it") (internal quotation marks omitted).

## II. The trial court did not abuse its discretion when it granted Stanley Spurling's Chapter 150 Motion to Dismiss.

The issue to be decided in this appeal is whether Thompson Hancock was

required to file a Chapter 150 certificate of merit when it refiled its third-party petition after previously non-suiting its claims against Stanley Spurling. To resolve this issue, we must first decide which version of section 150.002 applies to Thompson Hancock's revived third-party suit against Stanley Spurling.

The Legislature amended section 150.002 of the Texas Civil Practice and Remedies Code in 2019. The changes were effective June 10, 2019. Act of June 10, 2019, 86th Leg., R.S., ch. 661 (S.B. 1928) § 2, 2019 Tex. Sess. Law Serv. Ch. 661. Prior to the amendment, section 150.002(a) provided

> In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the **plaintiff** shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who: (1) is competent to testify; (2) holds the same professional license or registration as the defendant; and (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's (A) knowledge; (B) skill; (C) experience; (D) education; (E) training; and (F) practice.

Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 2, 2009 Tex. Gen. Laws 1991, 1992 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code § 150.002(a)) (emphasis added) ("2009 statute"). The current version of the statute provides, in relevant part, that "[i]n any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed professional, a **claimant** shall be required to file with the complaint an affidavit of a third-party . . . licensed professional engineer . . . ." Tex. Civ. Prac. & Rem. Code § 150.002(a) (emphasis added) ("2019 statute").

Thompson Hancock argues that it was not required to file a certificate of merit with its refiled third-party petition because it first asserted its claims against Stanley Spurling in March 2019 "and that date set the law applicable to any claims

7

by" Thompson Hancock against Stanley Spurling. (BR20) In Thompson Hancock's view, the law governing it's claims against Stanley Spurling was therefore the 2009 statute, not the 2019 statute. Thompson Hancock continues that because the 2009 statute required only a "plaintiff" to file a certificate of merit, it was not required to file a certificate of merit because it was a "third-party plaintiff," not a "plaintiff." Thompson Hancock cites the Texas Supreme Court's *Jaster v. Comet II Constr., Inc.* plurality opinion in support of this argument. 438 S.W.3d 556, 565, 571 (Tex. 2014) (plurality op.) (stating cross-claimants and third-party plaintiffs are not the same as a "plaintiff" who initiates a lawsuit and therefore they are not required to file a certificate of merit).

We turn first to Thompson Hancock's contention that its refiled third-party petition relates back to its non-suited third-party petition for purposes of the law governing its claims. In making this argument, Thompson Hancock misapprehends the effect of a non-suit. A non-suit extinguishes a case or controversy from the moment the motion is filed. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Schultz*, 195 S.W.3d 98, 100 (Tex. 2006). A non-suit returns the litigants to the positions they occupied before the court's jurisdiction was invoked. *Waterman S.S. Corp. v. Ruiz*, 355 S.W.3d 387, 398 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). Further, it is "equivalent to a suit never having been filed." *Cook v. Withers*, No. 14-03-00816-CV, 2004 WL 768948, at *3 (Tex. App.—Houston [14th Dist.] April 13, 2004, no pet.) (mem. op.).

Based on these general principles, once Thompson Hancock non-suited its claims against Stanley Spurling, it was as if no claim had ever been filed against Stanley Spurling. Therefore, when Thompson Hancock refiled its third-party petition against Stanley Spurling on February 13, 2020, it was effectively the first

time it made a claim against Stanley Spurling. We therefore hold that we must apply the version of section 150.002 in effect on that date. *See Morris v. Ponce*, 584 S.W.3d 922, 927–28 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (holding in a health care liability case that "an action commences as to each defendant when it is first named as a defendant").

The law governing certificate of merit filing requirements at that time was the 2019 statute, which went into effect on June 10, 2019. Under this version of the statute, any claimant asserting a claim of negligence or other claims asserting errors or omissions by a licensed professional engineer, "shall be required to file with the complaint" a certificate of merit affidavit. *See* Tex. Civ. Prac. & Rem. Code § 150.002(a). A "claimant" is defined as someone "who asserts a claim for relief within a lawsuit." *Jaster*, 438 S.W.3d at 568. The Supreme Court further explained that "claimant" is a broader class than "plaintiff" because it "encompasses third-party plaintiffs, cross-claimants, and counter-claimants along with plaintiffs." *Id.* at 567. We conclude that when the Legislature amended the 2009 statute to change "plaintiff" to "claimant" it intended to impose the certificate of merit filing requirement on any party asserting a claim against a licensed professional covered by the statute. Because Thompson Hancock did not file a certificate of merit contemporaneously with its refiled third-party petition, we hold it did not comply with the certificate of merit statute. *Cf. Miramar Petroleum, Inc. v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 218 (Tex. App.—Corpus Christi 2016, pet. denied) ("Therefore, when a plaintiff files a new action after a dismissal without prejudice and includes a certificate of merit with the first-filed petition in that action, the plaintiff has complied with the plain language of the statute.") (internal quotation marks omitted); *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76–77 (Tex. App.—Dallas 2014, pet. denied)

(concluding plaintiff complied with section 150.002 when it filed "a certificate of merit with the first filed petition it files in a second action after a dismissal without prejudice").

Thompson Hancock also argues that if it was required to file a certificate of merit to comply with section 150.002(a), it could rely on the certificate of merit Brazos filed with its second amended petition. Thompson Hancock then asserts that it incorporated Brazos' certificate of merit by reference into its refiled third-party petition and that was sufficient to meet the statutory requirement.

Thompson Hancock stated in its refiled third-party petition that Brazos "has filed a Certificate of Merit relating to its allegations against [Thompson Hancock]. [Thompson Hancock] is not required to file an additional Certificate of Merit." Thompson Hancock did not affirmatively state that it was incorporating a certificate of merit by reference. It also does not even specify which of Brazos' two certificates it was allegedly incorporating by reference. Nor is the certificate of merit attached to Thompson Hancock's refiled third-party petition. Indeed, Thompson Hancock makes no further mention of the certificate of merit or its contents in the refiled third-party petition. Even if we assume that incorporation by reference was allowed by the revised certificate of merit statute, we conclude that Thompson Hancock did not incorporate a certificate of merit by reference here. *See Clark v. Hastings Equity Partners, LLC,* No. 01-20-00749-CV, 2022 WL 175337, at *9, n.10 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, n.p.h.) ("Although the issue is not dispositive, we note that while the November Order mentions the October Order . . ., it does not incorporate by reference either the October Order or any of its terms."); *Hydrotech Eng'g Inc. v. OMP Dev., LLC*, 438 S.W.3d 895, 900–01 (Tex. App.—Dallas 2014, pet. denied) (applying 2009 statute court held that referencing without attaching certificate of merit insufficient to

meet statutory requirements); *Trico Marine Servs., Inc. v. Stewart & Stevenson Tech. Servs., Inc.*, 73 S.W.3d 545, 549 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding) (holding that mentioning of "General Terms and Conditions of Sale" in table of contents and a heading was not sufficient reference to incorporate). We conclude that Thompson Hancock did not comply with the statutory requirement to file a certificate of merit contemporaneously with its refiled third-party petition. Therefore, the trial court did not abuse its discretion when it granted Stanley Spurling's motion to dismiss based on section 150.002(e). *See* Tex. Civ. Prac. & Rem. Code § 150.002(e) ("A claimant's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. The dismissal may be with prejudice."); *Miramar Petroleum, Inc.*, 484 S.W.3d at 217 (stating that trial courts must dismiss the complaint if it is not filed with a certificate of merit). We overrule Thompson Hancock's second issue on appeal.

## CONCLUSION

Having overruled Thompson Hancock's single remaining issue in this appeal, we affirm the trial court's final judgment dismissing Thompson Hancock's claims against Stanley Spurling.

/s/    Jerry Zimmerer
        Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

11