

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-22-00857-CV

**STUDIO E. ARCHITECTURE AND INTERIORS, INC.**,
Appellant

v.

Emily **LEHMBERG**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-10649
Honorable David A. Canales, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:     Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: February 28, 2024

AFFIRMED

This is the second interlocutory appeal between the parties. For the reasons set forth below, we affirm the trial court's order denying appellant Studio E. Architecture and Interiors, Inc.'s ("Studio E.") second motion to dismiss.

### BACKGROUND

Previously, we reversed Studio E.'s first interlocutory appeal after determining the trial court erred in denying Studio E.'s motion to dismiss appellee Emily Lehmberg's lawsuit pursuant

to Texas Civil Practice and Remedies Code section 150.002. *See Studio E. Architecture & Interiors, Inc. v. Lehmberg*, 2019 WL 3229194 (Tex. App.—San Antonio Apr. 17, 2019, pet. denied) ("*Studio E. I*"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. We held that "[b]ecause Lehmberg failed to attach a certificate of merit to her original pleading[,] and Studio E. did not waive its right to seek dismissal under section 150.002," the trial court erred in denying Studio E.'s motion to dismiss. *See Studio E. I*, 2019 WL 3229194, at \*5; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. However, we remanded the cause to the trial court to determine whether the dismissal should be with or without prejudice to refiling. *See Studio E. I*, 2019 WL 3229194, at \*5; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e). Lehmberg filed a petition for review with the Texas Supreme Court.

Prior to the trial court's decision that Lehmberg's action against Studio E. was dismissed without prejudice, Lehmberg filed her third amended petition against Studio E. and included a certificate of merit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. After the trial court dismissed Lehmberg's action without prejudice, she filed a motion requesting the trial court clarify which pleading it dismissed without prejudice pursuant to *Studio E. I* because she had filed her third amended pleading and the requisite certificate of merit. Studio E. responded arguing this court did not specify which pleading to dismiss in *Studio E. I*, but rather ordered Lehmberg's action against Studio E. be dismissed. Studio E. emphasized that section 150.002 does not permit Lehmberg to cure her failure to comply with the statute by "merely filing an amended pleading in this same action." The trial court clarified its order, stating "the pleading dismissed without prejudice in [its prior order] was [Lehmberg's] Second Amended Petition[.]"

Subsequently, Studio E. filed a motion to dismiss Lehmberg's third amended petition. Studio E. argued the trial court's clarification order did not give appropriate effect to the dismissal

required by this court's decision in *Studio E. I*, thereby allowing Lehmberg to amend her petition to revive causes of action *Studio E. I* instructed be dismissed. Studio E. claimed its dismissal was appropriate because the certificate of merit was not attached "contemporaneously" with her "first-filed petition" but instead was attached to an amended pleading. Thus, according to Studio E., Lehmberg's action against Studio E. must be dismissed pursuant to section 150.002.

The trial court denied Studio E.'s motion to dismiss Lehmberg's third amended petition. Studio E. filed this interlocutory appeal.

### STUDIO E. APPELLATE COMPLAINTS

Studio E. contends the trial court erred in denying its motion to dismiss because (1) Lehmberg failed to attach a certificate of merit to her "first-filed petition," and (2) Lehmberg cannot resume the dismissed action by amending her pleading. While acknowledging that pursuant to subsection 150.002(e), a prior dismissal of a suit for failure to comply with the certificate-of-merit requirement can result in a dismissal without prejudice, Studio E. argues Lehmberg must refile in a new cause and cannot "merely amend her pleading in the same existing cause." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (e).

### STANDARD OF REVIEW AND APPLICABLE LAW

Generally, we review a trial court's orders on Chapter 150 motions to dismiss under an abuse of discretion standard. *Miramar Petroleum, Inc. v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 217 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied) (citing *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex. App.—Dallas 2014, pet denied)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.001–150.004. However, if its resolution requires us to interpret or construe the statutory language, we conduct a de novo review of the issues. *Envirobusiness*, 463 S.W.3d at 76; *see also Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536

S.W.3d 487, 491–92 (Tex. 2017). Because the issues of whether the trial court erred in denying a motion to dismiss under section 150.002—brought after claims have been refiled following a dismissal without prejudice—pertain to our interpretation of the language in section 150.002, we will engage in a de novo review. *See Envirobusiness*, 463 S.W.3d at 76.

Subsection 150.002(a) provides that "in any action … for damages arising out of the provision of professional services by a licensed or registered professional, a claimant shall be required to file with the complaint [a certificate of merit]." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). "A claimant's failure to file the [certificate of merit] in accordance with [section 150.002] shall result in dismissal of the complaint against the defendant." *Id.* § 150.002(e). The Texas Supreme Court has unequivocally determined this dismissal can be with or without prejudice to refiling and has directed that the trial court make this determination. *Pedernal Energy*, 536 S.W.3d at 492–94; *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.* 390 S.W.3d 299, 301 (Tex. 2013) ("*Starwood I*"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).

The "first-filed petition" or "contemporaneous filing requirement" has been interpreted to mean:

> the certificate of merit [must] be filed with the first petition filed in a particular "action" or suit raising claims subject to the statute.
>
> . . . .
>
> [Stated differently,] when a plaintiff files a new action and includes a certificate of merit with the first-filed petition in *that* action, the plaintiff has complied with the plain language of the statute. This conclusion is not only supported by the text of the statute, but also recognizes the legal effect of a dismissal without prejudice, which places the parties in "the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought."

*Envirobusiness*, 463 S.W.3d at 77 (internal citations omitted) (emphasis added). Several of our sister courts of appeals agree that this interpretation recognizes "the legislature's intent to allow a plaintiff to re-file a suit, not otherwise barred, in compliance with the statute." *Id.* at 78; *see also Miramar*, 484 S.W.3d at 218; *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 461 S.W.3d 627, 630 (Tex. App.—Fort Worth 2015, pet. denied) ("*Starwood II*").

## ANALYSIS

Studio E.'s issues on appeal do not revolve around a claimant's right to refile an action against a defendant after a court has dismissed the action without prejudice to refiling. Rather, we must decide whether Lehmberg may refile her action against Studio E. by amending her petition and including the requisite certificate of merit in the same cause in which Studio E. was previously dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002.

To support its proposition that Lehmberg could not amend her pleading here, Studio E. focuses on a statement made in *Cruz v. Morris*, wherein the court stated "[a]ny dismissal order stating it is without prejudice to refile refers to refiling in a new cause of action, not simply filing an amended petition within the same cause." 877 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1994, no writ). The Fort Worth Court of Appeals referred to *Cruz* when explaining that "a dismissal without prejudice means that the same claims may be refiled in an entirely new cause." *Starwood II*, 461 S.W.3d at 630. But we consider the legal effect of a dismissal without prejudice as discussed above—that is, placing the parties in the position they were in before the court's jurisdiction was invoked just as if the suit had never been brought—and the intent of the legislature to allow a party to refile complaints after it has been dismissed without prejudice. Whether a party refiles in a new cause number or amends its pleadings does not run afoul of section 150.002(e)'s purpose "'to deter meritless claims and bring them quickly to an end.'" *Pedernal Energy*, 536 S.W.3d at 494 (quoting

*Starwood I*, 390 S.W.3d at 301); *Envirobusiness*, 463 S.W.3d at 77; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).

Moreover, several section 150.002 cases have involved the refiling of the claimant's action in either amended pleadings or in new cause numbers that were subsequently consolidated into the original case. *See, e.g., Pedernal Energy*, 536 S.W.3d at 488–89 (following a nonsuit, claims were refiled in an amended petition); *Miramar*, 484 S.W.3d at 218 (concluding a certificate of merit with Miramar's sixth amended petition was in compliance with section 150.002); *Envirobusiness*, 463 S.W.3d at 75 (explaining claims were refiled in a different district court but transferred and consolidated into original case); *Starwood II*, 461 S.W.3d at 629 (explaining after plaintiff nonsuited claims but refiled them in a different district court, the suit was transferred back to the original court); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002; *Envirobusiness*, 463 S.W.3d at 77 n.2 ("The first-filed petition that raises claims subject to the statute may or may not be the Original Petition. *See, e.g.*, *Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 423 (Tex. App.—Dallas 2012, no pet.) (plaintiff filed certificate of merit with amended petition adding architect as party)).

On April 17, 2019, this court reversed the denial of Studio E.'s first motion to dismiss Lehmberg's claims because Lehmberg failed to file the requisite certificate of merit with her first-filed petition against Studio E. *See Studio E. I*, 2019 WL 3229194, at *5. This court further remanded the cause to the trial court to determine whether the dismissal should be with or without prejudice to refiling. *See id.* On June 11, 2020, the trial court dismissed the action against Studio E. without prejudice. Subsequently, on July 6, 2021, the trial court clarified its June 11, 2020 order, stating, "[T]he pleading at issue and considered by the Honorable Fourth Court of Appeals [in *Studio E. I*] was the 'second amended petition,'" and thus the order dismissed Lehmberg's second

amended petition without prejudice. As a result, the parties were placed in the position as if Lehmberg had never sued Studio E., and Lehmberg was not prejudiced from refiling her action against Studio E. *See Envirobusiness*, 463 S.W.3d at 77. Therefore, Lehmberg's third amended petition operated as if she were filing her "first-filed petition" against Studio E. in that action. *See id.*

Based on this record, we cannot conclude the trial court erred by denying Studio E.'s motion to dismiss Lehmberg's third amended petition. We overrule Studio E.'s appellate issues.

## CONCLUSION

Because we conclude the trial court did not err in its December 6, 2022 order denying Studio E.'s motion to dismiss pursuant to Texas Civil Practice and Remedies Code section 150.002, we affirm the trial court's order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a).

Irene Rios, Justice