# Supreme Court of Texas

No. 24-0286

Studio E. Architecture and Interiors, Inc.,

*Petitioner*,

v.

Emily Lehmberg,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

**Argued November 4, 2025**

JUSTICE HUDDLE delivered the opinion of the Court, in which Chief Justice Blacklock, Justice Lehrmann, Justice Devine, Justice Busby, Justice Bland, Justice Young, and Justice Hawkins joined.

JUSTICE HAWKINS filed a concurring opinion, in which Justice Busby and Justice Young joined.

JUSTICE SULLIVAN filed a dissenting opinion.

The plaintiff in this case sued multiple defendants, including one covered by Civil Practice and Remedies Code Section 150.002, which required the plaintiff to file a certificate of merit with her original petition. Because she did not do so, her claims against the covered

defendant were dismissed without prejudice. The question presented is whether she may reassert her claims against that defendant by filing an amended petition with a certificate of merit in the same lawsuit. The defendant here would have us answer no, reasoning that the plaintiff is required to bring a new and separate suit to reassert the dismissed claims. We agree with the court of appeals that reasserting the claims in an amended petition in the existing suit is proper, and we therefore affirm its judgment.

## I. Background

Emily Lehmberg sued Studio E. Architecture and Interiors, Inc. and others over the defendants' remodel of Lehmberg's home. Studio E. moved to dismiss the claims against it because Lehmberg did not file a certificate of merit with her petition. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(e). Lehmberg responded that no certificate of merit was required because her claims did not arise from the provision of professional services—instead, Lehmberg asserted, her claims arose solely from Studio E.'s dishonesty and fraud. Lehmberg also argued that Studio E. waived its right to seek dismissal under Section 150.002 by waiting over two years to file its motion and substantially invoking the judicial process in the interim.

The trial court denied the motion, and Studio E. filed an interlocutory appeal. *See id.* § 150.002(f) ("An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order."). In the first of two appeals in this case, the court of appeals reversed, holding that Section 150.002 applied because Studio E. was a licensed or registered professional and Lehmberg sought damages

2

arising out of the provision of Studio E.'s professional services. *Studio E Architecture & Interiors, Inc. v. Lehmberg*, No. 04-19-00026-CV, 2019 WL 3229194, at \*2–4 (Tex. App.—San Antonio Apr. 17, 2019, pet. denied). It also held that Studio E. had not waived its right to seek dismissal. *Id.* at \*4–5. The court of appeals remanded to the trial court to determine whether dismissal should be with or without prejudice. *Id.* at \*5; *see* TEX. CIV. PRAC. & REM. CODE § 150.002(e) (stating that a dismissal for failure to file a certificate of merit "may be with prejudice").

While Lehmberg's claims against Studio E. were on appeal, her claims against the other defendants remained pending in the trial court. During that time, Lehmberg amended her petition to reassert her claims against Studio E., this time with a certificate of merit. After the court of appeals remanded, the trial court dismissed without prejudice the claims asserted against Studio E. in the original petition but allowed Lehmberg to press the claims she asserted against Studio E. in the amended petition. Studio E. moved to dismiss the amended petition, but the trial court denied the motion.

Studio E. then took a second interlocutory appeal, arguing that Section 150.002 prohibited Lehmberg from amending her pleading to add the dismissed claims. It contended that, for Lehmberg to press her claims against Studio E. after their dismissal without prejudice, she must instead file them in an entirely new suit. 690 S.W.3d 725, 727 (Tex. App.—San Antonio 2024). This time, the court of appeals affirmed. The court observed that the effect of dismissal without prejudice is to "plac[e] the parties in the position they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Id.*

3

at 729. In this case, the trial court's dismissal of the original petition "placed [the parties] in the position as if Lehmberg had never sued Studio E." *Id.* "Therefore, Lehmberg's . . . amended petition operated as if she were filing her 'first-filed petition' against Studio E. in that action." *Id.* (quoting *TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 77 (Tex. App.—Dallas 2014, pet. denied)). We granted Studio E.'s petition for review.

## II. Discussion

The question presented is whether Civil Practice and Remedies Code Section 150.002 requires dismissal of Lehmberg's amended petition. "As with any statute, our interpretation begins with the statute's text." *Third Coast Servs., LLC v. Castaneda*, 726 S.W.3d 201, 206 (Tex. 2025). When the text is clear, it also ends our inquiry. *Brown v. City of Houston*, 660 S.W.3d 749, 752 (Tex. 2023). We "presume the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *Castaneda*, 726 S.W.3d at 206 (quoting *Rogers v. Bagley*, 623 S.W.3d 343, 352 (Tex. 2021)). Because the question before us is one of statutory construction, our review is de novo. *Marino v. Lenoir*, 526 S.W.3d 403, 405 (Tex. 2017).

Section 150.002, entitled "Certificate of Merit," provides that "in any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, a claimant shall be required to file with the complaint an affidavit" from a third-party professional that meets certain requirements. TEX. CIV. PRAC. & REM. CODE § 150.002(a). The statute defines "complaint" as "any petition or

4

other pleading which, for the first time, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services by the licensed or registered professional." *Id.* § 150.001(1-b); *see Envirobusiness*, 463 S.W.3d at 76 (noting that courts of appeals "have uniformly construed this language as requiring the plaintiff to file the certificate of merit with the 'first-filed petition'"). Section 150.002 provides only one exception to this "contemporaneous filing requirement"—it "shall not apply" when "the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, a claimant has alleged that an affidavit of a third-party [professional] could not be prepared." TEX. CIV. PRAC. & REM. CODE § 150.002(c).

"A claimant's failure to file the affidavit in accordance with this section," including the contemporaneous filing requirement, "shall result in dismissal of the complaint against the defendant." *Id.* § 150.002(e). The dismissal "may" be with prejudice, *id.*, and we have held this permissive phrasing affords the trial court discretion to dismiss the complaint without prejudice, *see Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 492–94 (Tex. 2017). The statute also provides that it "shall not be construed to extend any applicable period of limitation or repose." TEX. CIV. PRAC. & REM. CODE § 150.002(g). As this Court has observed, the purpose of the certificate-of-merit requirement is "to deter meritless claims and bring them quickly to an end." *Pedernal Energy*, 536 S.W.3d at 494 (quoting *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 301 (Tex. 2013)).

5

Studio E. argues that the trial court erred in denying its motion to dismiss because, if Lehmberg wished to press her claims against Studio E. after the trial court dismissed them without prejudice, Section 150.002 required Lehmberg to file a new lawsuit rather than amend her petition. In other words, Studio E. concedes that Section 150.002 allows Lehmberg to assert her dismissed claims in a new lawsuit along with a certificate of merit but contends she cannot amend her existing petition to assert those same claims. Studio E.'s main premise, embraced more fully in briefing than at oral argument, is that claims pressed in an amended petition would relate back to the date of the original petition's filing while claims asserted in a new suit would not. Thus, it argues, allowing Lehmberg to file an amended petition would circumvent Section 150.002(g)'s command that the statute not be construed to extend applicable limitations periods.

For the reasons discussed below, we disagree and hold that where, as here, the plaintiff has asserted claims against other defendants that have not been dismissed, she need not file a new suit to assert claims subject to Section 150.002 that were previously dismissed without prejudice. Rather, in this circumstance, the plaintiff can amend her petition to assert the dismissed claims and append the certificate of merit, as Lehmberg did here.

Lehmberg did not attach a certificate of merit to her original petition, so Section 150.002 required dismissal of "the complaint against the defendant," i.e., dismissal of her claims against Studio E. TEX. CIV. PRAC. & REM. CODE § 150.002(e). But Section 150.002 also permits a trial court to exercise its discretion to dismiss such claims without

6

prejudice, and the trial court did so here. *See Pedernal Energy*, 536 S.W.3d at 492–94. Thus, the dismissal without prejudice for failure to comply with the statute did not bar Lehmberg from bringing the claims anew. The parties agree on this point; their dispute relates only to the procedure by which Lehmberg could do so.

Dismissal without prejudice does not "prevent[] relitigation of the same claim against the same party," *In re USAA Gen. Indem. Co.*, 629 S.W.3d 878, 886 n.26 (Tex. 2021), because it "is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought," *id.* (quoting *Crofts v. Ct. of Civ. Appeals*, 362 S.W.2d 101, 104 (Tex. 1962)). Generally, parties may "freely amend their pleadings, so long as doing so does not 'operate as a surprise to the opposite party.'" *Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 837 (Tex. 2022) (quoting TEX. R. CIV. P. 63). Therefore, because dismissal without prejudice effectively removed Lehmberg's claims against Studio E. from the lawsuit, those claims could be reasserted according to the ordinary rules, including by repleading in an amended petition. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) (holding that a plaintiff's voluntary dismissal by nonsuit was not a dismissal with prejudice, so the trial court erred by dismissing a later amended petition that added the previously dismissed defendant).

Studio E. relies on *Cruz v. Morris* for the proposition that dismissal without prejudice *requires* "refiling in a new cause of action, not simply filing an amended petition within the same cause." 877 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1994, no writ). It is true

7

that in certain instances where a trial court dismisses all claims and all parties without prejudice, and all deadlines for continuing jurisdiction have passed, a plaintiff cannot file an amended petition in the same case. That is because the case is closed—there is then no pending case in which to file an amended petition. But that is not true here. After Lehmberg's claims against Studio E. were dismissed, her claims against the remaining defendants—and thus the underlying lawsuit—remained pending. Accordingly, Lehmberg was free to amend her pleadings in the surviving case according to the ordinary rule. *See* TEX. R. CIV. P. 63.

As relevant here, the ordinary rule permitted Lehmberg to reassert her claims against Studio E. by, in essence, rejoining Studio E. by amended petition. This is plain if one imagines that Lehmberg had not asserted any claim against Studio E. in her original petition. In that case, no one would dispute that she could have sued Studio E. for the first time by amending her petition to add claims against it. *See, e.g.*, *Pro. Serv. Indus., Inc. v. Ibey*, No. 05-24-00541-CV, 2025 WL 1737328, at *4 (Tex. App.—Dallas June 23, 2025, pet. denied) (holding that plaintiffs were required to attach a certificate of merit to an amended petition that added claims against professional defendants for the first time); *Macina, Bose, Copeland & Assocs. v. Yanez*, No. 05-17-00180-CV, 2017 WL 4837691, at *3 (Tex. App.—Dallas Oct. 26, 2017, pet. dism'd by agr.) ("In an ordinary case, a plaintiff that has sued other defendants may bring in additional defendants by amending its petition." (citing *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 578 (Tex. 2017))). When the trial court dismissed Lehmberg's claims against Studio E., it placed Lehmberg in exactly this position by effectively removing those claims

8

from the case. Thus, Lehmberg's amended petition functionally became the first petition to assert claims against Studio E. in the case.

Our dissenting colleague argues that Section 150.002 is intended to be a "departure" from the ordinary rule. *Post* at 8 (Sullivan, J., dissenting). The dissent correctly points out that Section 150.002 requires the certificate of merit to be filed with the "first" petition to raise claims subject to the statute. TEX. CIV. PRAC. & REM. CODE §§ 150.001(1-b), .002(a). Therefore, the dissent argues, a plaintiff can never reassert claims dismissed under Section 150.002 in an amended petition because such a petition is not the "first." But when claims against a defendant are dismissed without prejudice, that dismissal has the effect of removing those claims from the lawsuit as though they had never been brought. *See USAA Gen. Indem. Co.*, 629 S.W.3d at 886 n.26. So an amended petition asserting those formerly dismissed claims effectively asserts the claims for the first time in that lawsuit and thus satisfies Section 150.002's contemporaneous filing requirement.

Our dissenting colleague's interpretation of Section 150.002 might be more compelling if it had the benefit of being literally correct, but it does not. After a petition raises claims subject to Section 150.002, no other petition can ever literally be the "first" petition to raise such claims again, whether it was filed as an amended petition in the same case or in a new lawsuit. Yet the Legislature allowed dismissed claims to be refiled by permitting dismissal without prejudice. *See Pedernal Energy*, 536 S.W.3d at 492–94. Dismissal of the prior petition without prejudice "places the parties in the position that they were in before the court's jurisdiction was invoked just as if the [petition] had never been

9

brought." *USAA Gen. Indem. Co.*, 629 S.W.3d at 886 n.26 (quoting *Crofts*, 362 S.W.2d at 104). Therefore, claims dismissed without prejudice for failing to comply with Section 150.002 may be asserted as if for the first time in an amended petition.

The Thirteenth Court of Appeals has held as much. In *Miramar Petroleum, Inc. v. Cimarron Engineering, LLC*, the plaintiff amended its petition to add a new defendant, Cimarron. 484 S.W.3d 214, 215 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied). The trial court dismissed those claims without prejudice under Section 150.002 because the plaintiff did not file a certificate of merit. *Id.* at 216. The plaintiff then refiled its claims against Cimarron with a certificate of merit in an amended petition. *Id.* The court of appeals rejected Cimarron's argument that the certificate of merit was untimely, holding that the plaintiff complied with Section 150.002 when it included a certificate of merit with its amended petition filed after its claims were dismissed without prejudice. *Id.* at 217–18. So too here. After Lehmberg's claims were dismissed without prejudice, she could satisfy Section 150.002 by filing a certificate of merit with an amended petition.

Precedent aside, Studio E.'s argument that Lehmberg was required to file a new suit finds no support in the statutory text or our rules. Beyond that, filing a new suit would undercut the streamlined process the statute contemplates. *See Pedernal Energy*, 536 S.W.3d at 494. It makes little sense to require a new suit—and payment of another filing fee—when the case will almost certainly be transferred to the original court and consolidated with the original case. *See, e.g.*, *Envirobusiness*, 463 S.W.3d at 75. Just as new claims and new parties

10

may be added for the first time to an existing case by pleading amendment, *see* TEX. R. CIV. P. 62, claims dismissed without prejudice for failure to comply with Section 150.002 may be reasserted in an existing case through an amended petition. In addition to being faithful to the text and our precedents, this conclusion promotes judicial efficiency.

At bottom, Studio E.'s contention that Lehmberg was required to file a new suit stems from its premise that an amended pleading would automatically relate back to the filing date of her original petition. According to Studio E., that may violate Section 150.002(g)'s command that the statute not be construed to extend applicable limitations periods. Studio E. argues in its briefing that Lehmberg's amended petition would "get[] the benefit of tolling," citing Civil Practice and Remedies Code Section 16.068. That statute provides that when a party's original pleading is not barred by limitations, an amended pleading that "changes the facts or grounds of liability or defense is not subject to" limitations unless it "is wholly based on a new, distinct, or different transaction or occurrence." TEX. CIV. PRAC. & REM. CODE § 16.068. But Section 16.068 does not address Lehmberg's situation, which involves an amendment to rejoin a dismissed party. This Court has held that, "[o]rdinarily, an amended pleading *adding a new party* does not relate back to the original pleading." *Univ. of Tex. Health Sci. Ctr. at S.A. v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011) (alteration in original) (emphasis added) (quoting *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004)). The exceptions are misnomer and misidentification. *Id.*

11

For her part, Lehmberg asserts that Section 150.002(e) would be rendered meaningless if an amended pleading does not automatically relate back. By establishing that dismissal *may* be with prejudice, Section 150.002(e) gives a trial court discretion to dismiss with or without prejudice. *Pedernal Energy*, 536 S.W.3d at 492–94. Lehmberg argues this affords the trial court discretion to determine whether a plaintiff should have a second bite at the apple, regardless of the limitations period. Otherwise, she contends, Section 150.002(e) would be meaningless because a defendant may wait until the limitations period expires before moving to dismiss, thereby usurping the trial court's discretion to render a dismissal without prejudice.

We doubt Lehmberg's amended pleading, reasserting the same claims against Studio E., can be understood to change the facts or grounds of liability within the meaning of Section 16.068. Comparison of the two pleadings reveals the amendment added the required affidavit and nothing more. We likewise cannot embrace Lehmberg's assertion that Section 150.002(e) would be rendered meaningless absent relation back. But whether Lehmberg's amended petition relates back or is time-barred is not before us, and we therefore reserve the question for the trial court, should Studio E. plead and press a limitations defense on remand.

### III. Conclusion

When a plaintiff's claims against a licensed professional are dismissed without prejudice under Civil Practice and Remedies Code Section 150.002 but the underlying lawsuit is not dismissed, the plaintiff may reassert the dismissed claims with the required certificate of merit

12

in an amended petition.  We therefore hold that the trial court correctly denied Studio E.'s motion to dismiss, and we affirm the court of appeals' judgment.

Rebeca A. Huddle<br>
Justice

**OPINION DELIVERED:** May 29, 2026