**Affirm in part; Reverse and Remand in part and Opinion Filed February 9, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00662-CV**

**LOGICAL SYSTEMS, INC. D/B/A LOGICAL SYSTEMS, LLC, Appellant**
**V.**
**EDGAR BERRIOS, INDIVIDUALLY AND AS NEXT FRIEND ON BEHALF OF CA.B., CESAR BERRIOS, AND ESTELA A. QUINTOS LOPEZ, Appellees**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-01109-B**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Smith
Per Curiam

More than eighteen months after a machine used by appellee Edgar Berrios nearly severed one of his arms while he was working, appellees sued appellant Logical Systems, Inc. d/b/a Logical Systems, LLC (LSI) and others, claiming their defective design of the machine he was using at the time caused his injuries and appellees' related losses. Ten months later, after appellees had twice amended their petition, LSI moved to dismiss appellees' claims against LSI with prejudice because, LSI argued, appellees failed to submit a certificate of merit as required by Texas

Civil Practice and Remedies Code § 150.002. On June 8, 2023, the trial court granted LSI's motion in part, dismissing appellees' claims against LSI without prejudice and allowing appellees "to amend with the required specific notice to cure the defect, if it can cure."[1]

LSI timely filed this accelerated, interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(f) (allowing interlocutory appeal); TEX. R. APP. P. 28.1(a) (appeals from interlocutory orders when allowed by statute are accelerated appeals). Appellees filed no cross-appeal challenging the dismissal. *See* TEX. R. APP. P. 26.1(d) (process and deadline for such).

On appeal, LSI argues the trial court abused its discretion by dismissing appellees' claims without prejudice and allowing appellees to amend "with the required specific notice to cure the defect, if it can cure." As explained below, we conclude the trial court did not err by dismissing appellees' claims without prejudice but did err by allowing appellees "to amend with the required specific notice to cure the defect, if it can cure." Thus, without addressing the propriety, if any, of the

---

[1] The trial court's order of dismissal did not state what it considered the "defect" to be, but the record makes it apparent. In LSI's motion to dismiss, LSI asserted only one basis for dismissal of appellees' claims against it, namely, that appellees "failed to include a certificate of merit with [their] Petition." During the hearing on the motion, both sides' counsel acknowledged appellees had filed a certificate of merit naming a separate party, but LSI argued this was not sufficient. According to LSI, to comply with the statute, appellees "had to file a [c]ertificate of [m]erit as to LSI[,]" and "[t]here has to be a different [certificate of merit] against each licensed professional." LSI's counsel explained this as follows: "So if you have two engineers. You have engineer A and engineer B in a case, you can't just use the certificate against engineer A to cover engineer A and B. You have to have one for engineer A and one for engineer B." No individual engineers are named as party defendants in this case.

dismissal of appellees' claims against LSI,[2] we affirm the portion of the trial court's June 8, 2023 order dismissing appellees' claims against LSI without prejudice, reverse the portion of the order allowing appellees to amend their pleading as to their claims against LSI, and remand this cause to the trial court for further proceedings consistent with this opinion.

## ISSUES & ANALYSIS

The trial court dismissed appellees' claims against LSI without prejudice but also allowed appellees to amend "with the required specific notice to cure the defect, if it can cure." LSI argues the trial court abused its discretion by taking both actions.

We review an order granting a Chapter 150 motion to dismiss under an abuse of discretion standard, but if resolution of the issue requires us to interpret or construe the statutory language, we review that issue de novo. *TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex. App.—Dallas 2014, pet. denied).

When reading a statute, our goal is to ascertain and give effect to the legislature's intent. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd

---

[2] We have grave concerns about the dismissal based on the record before us, the design-defect nature of appellees' claims against LSI, and the underlying purpose of the certificate of merit requirement, but because no party has appealed the dismissal of appellees' claims against LSI, we have no way to address these concerns or to consider in this appeal whether the dismissal was error.

or nonsensical results. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). We consider statutes as a whole rather than their isolated provisions. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We "endeavor to read the statute contextually, giving effect to every word, clause, and sentence." *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding).

Civil practice and remedies code § 150.002, entitled "Certificate of Merit," states, in pertinent part:

> [I]n any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional,[3] a claimant[4] shall be required to file with the complaint[5] an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who [meets certain criteria as specified in the statute].

*See* TEX. CIV. PRAC. & REM. CODE § 150.002(a). A claimant's failure to file the affidavit in accordance with § 150.002 "shall result in dismissal of the complaint against the defendant[,]" and "[t]his dismissal may be with prejudice." *See id.* § 150.002(e). Thus, while the statute requires a trial court to dismiss a complaint if a claimant does not file a certificate of merit in compliance with the statute, because

---

[3] "Licensed or registered professional" means a licensed architect, licensed professional engineer, registered professional land surveyor, registered landscape architect, or any firm in which such licensed or registered professional practices, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity. *See* TEX. CIV. PRAC. & REM. CODE § 150.001(1-c).

[4] "Claimant" is defined as "a party, including a plaintiff or third-party plaintiff, seeking recovery for damages, contribution, or indemnification." *See* TEX. CIV. PRAC. & REM. CODE § 150.001(1-a).

[5] "Complaint" is defined as "any petition or other pleading which, for the first time, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services by the licensed or registered professional." *See* TEX. CIV. PRAC. & REM. CODE § 150.001(1-b).

–4–

the dismissal "may" be with prejudice, the statute expressly does not require the trial court to dismiss with prejudice, and the trial court has discretion in determining whether to dismiss with or without prejudice. *See TIC N. Cent. Dallas 3*, 463 S.W.3d at 76. In exercising this discretion, the trial court cannot act "in an arbitrary or unreasonable manner without reference to guiding rules or principles" and should consider the statute's "broader purposes" of deterring and quickly ending meritless claims. *Id.*; *see CTL/Thompson Tex., L.L.C. v. Starwood Homeowner's Ass'n., Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (per curiam) (purpose of a section 150.002(e) dismissal is "to deter meritless claims and bring them quickly to an end").

In *Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 496 (Tex. 2017), the court stated:

> A plaintiff's failure to file an affidavit with an original petition, together with the filing of an amended petition with a deficient affidavit, might support a trial court's determination that the claims lack merit. But that determination is within the trial court's discretion and is reviewed for abuse of discretion.

Here, we need not and do not consider whether the trial court abused its discretion in deciding to dismiss appellees' claims against LSI because none of the parties challenge that dismissal. Instead, we consider only whether the trial court abused its discretion in dismissing appellees' claims against LSI without prejudice (LSI's second issue) and whether the trial court should have allowed appellees to amend "with the required specific notice to cure the defect, if it can cure" (LSI's first issue).

While LSI acknowledges a Chapter 150 dismissal "may be with prejudice," *see* TEX. CIV. PRAC. & REM. CODE § 150.002(e), LSI argues, in essence, that under the circumstances here—where Edgar Berrios's injuries occurred more than two years before the dismissal date and thus appellees' claims could not be re-filed within the statute of limitations—the trial court abused its discretion by dismissing appellees' claims without prejudice and allowing appellees to amend. Appellees dispute LSI's arguments and urge us to affirm the trial court's order. We do so, but only in part.

Based on the record before us, we conclude the trial court did not abuse its discretion in dismissing appellees' claims against LSI without prejudice. Section 150.002 plainly allows the trial court discretion in deciding whether to dismiss with or without prejudice. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(e) (dismissal "may be with prejudice"); *TIC N. Cent. Dallas 3*, 463 S.W.3d at 76 (trial court has discretion in making determination on whether to dismiss with or without prejudice). And there is no indication in the record that the trial court abused that discretion here. As was the case in *Pedernal Energy*, 536 S.W.3d at 494–95, appellees' failure to file an expert affidavit with their original petition was not, by itself, evidence that the allegations in appellees' petition lacked merit or mandated the sanction of dismissal with prejudice, and nothing in the record as of the time of the dismissal otherwise leads us to conclude the trial court's action in dismissing without prejudice violated any guiding rules or principles so that its action as to the dismissal was

arbitrary and unreasonable and an abuse of its discretion. While the court may have been able to exercise its discretion and reach a different conclusion on this record as to whether appellees' claims should be dismissed with or without prejudice, we cannot say from the record before us that the trial court abused its discretion in making the decision it did on that issue. [6]

We reach a different conclusion, however, regarding the trial court's decision to allow appellees to amend their pleading "with the required specific notice to cure the defect, if it can cure." We conclude the trial court erred by allowing appellees "to amend with the required specific notice to cure the defect, if it can cure" because a dismissal is equivalent to a suit never having been filed,[7] and thus, as a result of the dismissal, appellees no longer had any pleading against LSI to amend. Moreover, in practical effect, the portion of the order allowing appellees to amend

---

[6] As to LSI's contention in its first issue that the trial court was required to dismiss appellees' claims with prejudice because the statute of limitations on their claims had already passed, we decline, for multiple reasons, to sua sponte determine as a matter of law that any subsequent filing of appellees' claims would be barred by the statute of limitations. First, limitations is an affirmative defense on which LSI bears the burden to plead and prove. *See Epps v. Fowler*, 351 S.W.3d 862, 869 n.8 (Tex. 2011) ("Limitations is an affirmative defense that must be pleaded and proven."). LSI has done neither in the record before us. Second, on the record before us, we do not know what other proceedings, if any, may be ongoing. Finally, additional considerations regarding limitations may apply in cases involving claims brought on behalf of a minor. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 16.003 (two-year limitations period for personal injury claims, among others); *id*. § 16.001 (stating, "a person younger than 18 years of age, regardless of whether the person is married," is "under a legal disability," for purposes of that subchapter, and "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period."); *Weiner v. Wasson*, 900 S.W.2d 316, 321 (Tex. 1995) (stating, in reference to sections 16.001 and 16.003, "Taken together, these sections require a minor to file a claim before reaching age twenty for personal injuries sustained during the period of minority.").

[7] *Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 670 S.W.3d 622, 631 (Tex. 2023) (quoting *Aguilar v. Morales*, 545 S.W.3d 670, 677 (Tex. App.—El Paso 2017, pet. denied) ("[A] dismissal is equivalent to a suit never having been filed such that the statute of limitations is not tolled for any new pleading filed.").

their claims against LSI essentially treated LSI's Chapter 150 motion to dismiss as a special exception to appellees' pleading. *See* TEX. R. CIV. P. 91; *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) ("When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading."). Chapter 150 contains no indication that a trial court may dismiss a claimant's claims while simultaneously allowing a claimant to amend its pleading to cure the defect that led to dismissal. Those two actions are simply incongruous, particularly where, as here, the trial court has not vacated its order of dismissal.

We sustain LSI's first issue and overrule its second issue.[8]

## CONCLUSION

Without addressing the propriety of the dismissal of appellees' claims against LSI, we affirm the portion of the trial court's June 8, 2023 order dismissing appellees' claims against LSI without prejudice, reverse the portion of the order granting appellees leave to amend their pleading as to their claims against LSI, and remand this cause to the trial court for further proceedings consistent with this opinion.

PER CURIAM

230662f.p05
Molberg, J., concurring, joined by Reichek, J.

---

[8] Taken together, our two conclusions should not be interpreted as making any comment upon the viability, if any, of appellees' claims against LSI should they choose to re-file them in the current or another trial court. Additionally, we express no opinion on the viability of any claims filed by appellees against LSI after the trial court's June 8, 2023 order, our only focus in this accelerated, interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(f); TEX. R. APP. P. 28.1(a).



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LOGICAL SYSTEMS, INC. D/B/A
LOGICAL SYSTEMS, LLC,
Appellant

No. 05-23-00662-CV    V.

EDGAR BERRIOS,
INDIVIDUALLY AND AS NEXT
FRIEND ON BEHALF OF CA.B.,
CESAR BERRIOS, AND ESTELA
A. QUINTOS LOPEZ, Appellees

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-22-01109-B.
Opinion delivered by Justice Molberg.
Justices Reichek and Smith
participating.

In accordance with this Court's opinion of this date, the trial court's June 8, 2023 order is **AFFIRMED** in part and **REVERSED** in part. We **AFFIRM** that portion of the June 8, 2023 order dismissing appellees' claims against appellant without prejudice, **REVERSE** that portion of the June 8, 2023 order allowing appellees to amend their pleading as to their claims against appellant, and **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 9th day of February, 2024.