**REVERSE, AFFIRM, and REMAND; Opinion Filed September 24, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01021-CV

## TIC N. CENTRAL DALLAS 3, L.L.C., ET AL., Appellants/Cross-Appellees

### V.

## ENVIROBUSINESS, INC. D/B/A EBI CONSULTING, ET AL., Appellees

### V.

## PERKINS & WILL, INC., ET AL, Appellants/Cross-Appellees

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-02857-E**

## OPINION

Before Justices O'Neill, Francis, and Lang-Miers
Opinion by Justice O'Neill

This appeal concerns the certificate of merit requirement for suits against certain licensed professionals. Appellants/cross-appellees TIC N. Central Dallas 3, L.L.C. and related parties (TIC) sued two sets of defendants: (1) appellees Envirobusiness, Inc. d/b/a EBI Consulting, an engineering consulting firm, and its employee Annisa Walton-Green (EBI) and (2) appellants/cross-appellees Perkins & Will, Inc., an architecture firm, and two of its individual shareholders.

TIC alleged claims for fraud, negligent misrepresentation, aiding and abetting, and conspiracy against all defendants. All of TIC's claims arose out of its investment in an office building. TIC did not file certificates of merit with its original petition, and both EBI and Perkins & Will moved to dismiss TIC's claims under section 150.002 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011). The trial court granted EBI's motion and dismissed all of TIC's claims against EBI. The trial court granted Perkins & Will's motion in part, dismissing only TIC's negligent misrepresentation claim, but not its fraud claims. TIC and Perkins & Will each filed an interlocutory appeal, which were consolidated in this Court.[1]

On appeal, TIC asserts the trial court erred in (1) dismissing its claims against EBI because it contemporaneously filed a certificate of merit when it re-filed its suit against EBI following a dismissal without prejudice, and (2) dismissing its negligent misrepresentation claim against Perkins & Will because it was not required to file a certificate of merit with respect to that claim. In its appeal, Perkins & Will asserts the trial court erred in failing to dismiss all of TIC's claims against it because (1) section 150.002 requires dismissal of the entire complaint if any claim asserted requires a certificate of merit or, in the alternative, (2) all of TIC's claims required it to file a certificate of merit.

For the following reasons, we reverse the trial court's order dismissing TIC's claims against EBI. We also reverse the trial court's order dismissing TIC's negligent misrepresentation claim against Perkins & Will, but affirm the order denying the motion to dismiss TIC's fraud claims.

---

[1] An order granting or denying a motion to dismiss under section 150.002 is immediately appealable as an interlocutory order. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011).

**Background**

TIC purchased interests in an office building that was owned by 10100 Operations. According to TIC, 10100 Operations was the alter ego of Perkins & Will, the building's largest tenant. In making its investment, TIC alleged it relied on a "Property Condition Report" prepared by EBI. EBI prepared the Report for LaSalle Bank, which was considering financing the transaction. The Report expressly stated that potential investors could also rely on the Report.

As part of its preparation of the Report, EBI requested 10100 Operations to complete a Pre-Survey Questionnaire. Specifically, the questionnaire was for EBI to "obtain pertinent property data, discover existing physical deficiencies, chronic problems, the extent of repairs, if any, and their costs, and pending repairs and improvements." 10100 Operations completed and returned the questionnaire. The Report specifically stated that if the Pre-Survey Questionnaire contained material differences from the findings in the Report, that the Pre-Survey Questionnaire would be "forwarded." TIC asserted no such document was ever forwarded, indicating that 10100 Operation's Pre-Survey Questionnaire did not contain any material differences.

TIC alleged that after it invested in the property, it discovered the Report contained numerous misrepresentations concerning the building's condition. It complained that due to the poor condition of the building, it steadily lost tenants, ultimately resulting in foreclosure on the building and loss of its investment. TIC sued 10100 Operations, Perkins & Will, and EBI alleging claims for fraud, negligent misrepresentation, aiding and abetting, and conspiracy. Regarding Perkins & Will, TIC alleged it was the "true seller-in-fact" of the building and, as a tenant in the building, it had knowledge of the building's condition.

**TIC's suit against EBI**

EBI filed a motion to dismiss under section 150.002 of the civil practice and remedies code asserting TIC was required to, but did not, file a "certificate of merit" with its Original Petition. Under section 150.002, in an "action" for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff must file with its "complaint" the affidavit of a person that holds the same license as the defendant showing the plaintiff's claims have merit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011). A plaintiff's failure to file a certificate of merit complying with the statute "shall" result in dismissal of the complaint and "[t]his dismissal may be with prejudice." *Id.* § 150.002(e).

In its motion, EBI asserted TIC's failure to file a certificate of merit required dismissal because TIC's claims against it arose out of its provision of professional engineering services. Although its written motion requested dismissal with prejudice, at the hearing on the motion, it requested only a dismissal without prejudice. Although TIC contested its need for a certificate of merit, it stated it had obtained one and did not oppose a dismissal without prejudice. The trial court dismissed TIC's claims against EBI "without prejudice."

TIC subsequently re-filed its suit against EBI, including a certificate of merit with its Original Petition. The new suit was filed in a different district court. Because TIC's claims against Perkins & Will and others remained pending in the trial court, EBI filed a motion to transfer and consolidate under local rules pertaining to the transfer of related cases. It, however, also requested that the re-filed suit be dismissed upon transfer and consolidation. The sole basis for dismissal was that the re-filed suit contained the same allegations that had previously been dismissed and that TIC was attempting to "circumvent" the trial court's dismissal order. According to EBI, a plaintiff cannot re-file a suit to cure an earlier failure to file a certificate of merit, even when the earlier suit was dismissed without prejudice. The trial court agreed with

EBI's position, transferred the newly filed case to its docket, consolidated that action with this case, and then dismissed TIC's claims "with prejudice."

In its appeal, TIC asserts the trial court erred in granting EBI's motion to dismiss. It asserts that because section 150.002(e) permits a trial court to dismiss a plaintiff's claims without prejudice, the statute necessarily contemplates allowing a plaintiff to re-file its suit with a certificate of merit. EBI responds a plaintiff cannot "amend" its petition following dismissal regardless of whether the dismissal was with or without prejudice.

We review an order granting a Chapter 150 motion to dismiss under an abuse of discretion standard. *JJW Dev., L.L.C. v. Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571, 575 (Tex. App.—Dallas 2012, pet. denied); *Belvedere Condos. at State Thomas, Inc. v. Meeks Design Grp, Inc.*, 329 S.W.3d 219, 220 (Tex. App.—Dallas 2010, no pet.). However, if resolution of the issue requires us to interpret or construe the statutory language, we review that issue de novo. *See Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 425 (Tex. App.—Dallas 2012, no pet.); *JJW Dev.,* 378 S.W.3d at 575.

When reading a statute, our goal is to ascertain and give effect to the legislature's intent. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). We consider statutes as a whole rather than their isolated provisions. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We "endeavor to read the statute contextually, giving effect to every word, clause, and sentence." *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding).

Under section 150.002(e), a trial court is required to dismiss a complaint if the plaintiff does not file a certificate of merit in compliance with the statute. TEX. CIV. PRAC. & REM. CODE

ANN. § 150.002(e) (West 2011). Because the statute states the dismissal "may" be with prejudice, it expressly does not require a dismissal with prejudice. *Id.* Consequently, the trial court has discretion to determine whether a dismissal should be with or without prejudice. *CTL/Thompson Tex., L.L.C. v. Starwood Homeowner's Ass'n., Inc.,* 390 S.W.3d 299, 301 (Tex. 2013) (per curiam). In exercising this discretion, a trial court cannot act "in an arbitrary or unreasonable manner," and should consider the "broader purposes" of the statute. *Id.* Those purposes are to deter and end meritless claims quickly. *Id.*

Here, EBI contends that, regardless of whether a dismissal under section 150.002(e) is without prejudice, a plaintiff cannot later re-file "the exact same claims" because section 150.002(a) requires the certificate of merit be filed with the first-filed "original" petition or the first-filed "claims." Although not entirely clear, EBI seems to suggest, albeit indirectly, we should review the filings in this case, following transfer and consolidation, as if it had always been one case. Specifically, EBI refers to TIC's Original Petition in the re-filed suit as the "purported" Original Petition and as an "amended" petition. The question before us, however, is whether TIC complied with the statute at the time it filed the new suit with a certificate of merit. That the trial court later transferred that case to its docket pursuant to local rules does not alter that inquiry. Thus, the question is whether a plaintiff complies with section 150.002(a) when it files a certificate of merit with the first petition it files in a second action after a dismissal without prejudice.

The plain language of the statute requires a plaintiff in "an action" to file a certificate of merit "with its complaint." The courts have uniformly construed this language as requiring the plaintiff to file the certificate of merit with the "first-filed petition." *See JJW Dev.,* 378 S.W.3d at 576; *Sharp Eng'g v. Luis,* 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.). It is apparent from our review of the statutory language, as well as the cases interpreting

that language, the statute requires the certificate of merit be filed with the first petition filed in a particular "action" or suit raising claims subject to the statute.[2] *See JJW Dev.*, 378 S.W.3d at 576; *Sharp Eng'g.*, 321 S.W.3d at 751; *see also Jaster v. Comet II Constr., Inc.*, No. 12-0804, 2014 WL 2994503, *5 (Tex. July 3, 2014) (plurality op.) ("action" refers to lawsuit, not claims asserted within lawsuit). In other words, although a plaintiff may amend its petition, and thus file multiple petitions in a single action, the statute requires the plaintiff to file the certificate of merit with the first petition filed in the action that raises claims subject to its provisions. *See Sharp Eng'g.*, 321 S.W.3d at 751.

We conclude when a plaintiff files a new action and includes a certificate of merit with the first-filed petition in that action, the plaintiff has complied with the plain language of the statute. This conclusion is not only supported by the text of the statute, but also recognizes the legal effect of a dismissal without prejudice, which places the parties in "the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex. 1962); *see also KT Bolt Mfg. Co. v. Tex. Elec. Coops., Inc.*, 837 S.W.2d 273, 275 (Tex. App.—Beaumont 1992, writ denied).

Finally, we agree with TIC that the statutory provision giving trial courts discretion to dismiss without prejudice reflects the legislature's intent to allow trial courts to determine when a plaintiff should be given a second opportunity to comply with the statute. *See Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 495 n.2 (Tex. App.—Corpus Christi 2009, no pet.) (rather than allow for amendment, the statute permits dismissal without prejudice). In reaching this conclusion, we note that in *Bruington Engineering, Ltd. v. Pedernal Engery, L.L.C.*, No. 04-13-00558-CV, 2014 WL 4211024, at *1 (Tex. App.—San Antonio Aug. 27, 2014, no pet.

---

[2] The first-filed petition that raises claims subject to the statute may or may not be the Original Petition. *See, e.g., Morrison Seifert Murphy*, 384 S.W.3d at 423 (plaintiff filed certificate of merit with amended petition adding architect as party).

h.), the San Antonio Court of Appeals read the statute differently, holding a trial court has no discretion to dismiss a case without prejudice unless the subsection (c) exception to the contemporaneous filing requirement applied. In doing so, the court assumed a dismissal without prejudice would conflict with the statutory requirement that the certificate of merit be filed with the first-filed petition. *See id.* at *6-7. The court thus equated the first-filed petition requirement with a first-filed lawsuit requirement. As previously explained, we disagree with that interpretation of the statute.

Further, in its effort to give effect to the legislative grant of discretion, the court indicated such discretion existed only if the subsection (c) exception to the contemporaneous filing requirement applied. Neither the plain text of the statute, nor the overall statutory scheme, supports this conclusion.[3] Indeed, subsection (c) provides for an alternative method of compliance with the statute and does not concern any remedy for noncompliance. Instead, we conclude the statute's provisions granting trial courts discretion to dismiss without prejudice reveal the legislature's intent to allow a plaintiff to re-file a suit, not otherwise barred, in compliance with the statute.

Because we conclude TIC's second suit complied with the statute, we reverse the trial court's order dismissing the claims brought in that suit.

### TIC's suit against Perkins & Will

Perkins & Will also filed a motion to dismiss TIC's claims under section 150.002. In its motion, it asserted and presented evidence that it is an architecture firm and its tenancy in the

---

[3] Subsection (c) provides for a thirty-day extension for a plaintiff to obtain and file a certificate of merit if the plaintiff files suit within ten days of the expiration of limitations. A dismissal of a suit without prejudice does not generally toll limitations. *Hood v. Wal-Mart Stores, Inc.*, No. 05-05-01049-CV, 2008 WL 256763, at *2 (Tex. App.—Dallas Jan. 31, 2008, pet. denied); s*ee also Bailey v. Gardner*, 154 S.W.3d 917, 918 (Tex. App.—Dallas 2005, no pet.) (voluntary nonsuit does not toll limitations); *Cronen v. City of Pasadena*, 835 S.W.2d 206, 210 (Tex. App.—Houston [1st. Dist.] 1992, no writ) (dismissal for want of prosecution does not toll limitations), *disapproved on other grounds by Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994)). If the subsection (c) exception applies to a plaintiff's suit, but the suit is nevertheless ultimately dismissed, limitations will have necessarily expired. Thus, any grant of discretion to trial courts to dismiss without prejudice, if limited to subsection (c) cases, would be illusory.

building was to provide architectural services. According to Perkins & Will, because TIC's claims were based on its tenancy in the building, and the reason it was a tenant was to provide architectural services, TIC's claims arose out of its provision of professional services.

The trial court granted Perkins & Will's motion in part, but for different reasons. The trial court dismissed TIC's negligent misrepresentation claim because a claim for negligence necessarily implicated Perkins & Will's professional expertise. But the trial court denied the motion with respect to the fraud claims without prejudice to Perkins & Will re-filing a motion to dismiss "as [the] case progressed." In doing so, the trial court indicated any fraud claims based on knowledge Perkins & Will might possess because it engaged in the business of architecture would require a certificate of merit. Both TIC and Perkins & Will appeal the trial court's order.

According to TIC, none of its claims against Perkins & Will arose out of Perkins & Will's provision of professional services because Perkins & Will did not provide any services, professional or otherwise, to any parties connected to the dispute or otherwise related to the dispute or the transaction on which it was based.

In interpreting a statute, we begin with the words chosen and presume each was chosen for a purpose and omitted words were purposefully excluded. *TGS–NOPEC Geophysical Co.*, 340 S.W.3d at 439. Here, the certificate of merit requirement applies only to claims arising out of the "provision of professional services." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011). The affidavit required must likewise identify "the negligence, if any, or other action, error, or omission of the licensed or registered professional in *providing* the professional *service*, including any error or omission in *providing* advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim." *Id.* § 150.002(c) (emphasis added).

Here, Perkins & Will asserts TIC's claims arose from its provision of professional services because TIC alleged it had knowledge of the building's condition because of its tenancy in the building and its activities in the building as tenants involved the practice of architecture. Perkins & Will further asserts TIC's claims implicated its professional expertise because such expertise could not be "ignored" in determining what it knew or should have known about the building's condition. Perkins & Will does not, however, identify any services it provided or action that it took that related to the practice of architecture that was connected to TIC's investment in the building or to the misrepresentations claimed in its suit.[4]

In determining the nature of a party's claims with respect to Chapter 150, we look to the allegations in the party's pleadings. *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 810 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also TDIndustries, Inc., v. Rivera*, 339 S.W.3d 749, 753 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Nevertheless, we are not bound by the labels the plaintiff uses in formulating its pleadings. *Carter & Burgess*, 355 S.W.3d at 810. Instead, we will examine the "substance" of the plaintiff's pleadings to determine whether the "cause of action" arises out of the provision of professional services. *See id*. In doing so, the question is not whether the alleged tortious acts constituted the provision of professional services, but whether the tort claims arise out of the provision of professional services. *Found. Assessment, Inc. v. O'Connor*, 426 S.W.3d 827, 834 (Tex. App.—Fort Worth 2014, pet. filed); *Dunham Eng'g, Inc. v. Sherwin–Williams Co*., 404 S.W.3d 785, 793 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Pelco Constr., Inc. v. Dannenbaum Eng'g Corp*., 404 S.W.3d 48, 54–55 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Therefore, section 150.002(a) "does not require the specific acts creating the claim for the tort also constitute the provision of

---

[4] The "practice of architecture" means "a service or creative work applying the art and science of developing design concepts, planning for functional relationships and intended uses, and establishing the form, appearance, aesthetics, and construction details for the construction, enlargement, or alteration of a building or environs intended for human use or occupancy, the proper application of which requires education, training, and experience in those matters." TEX. OCC. CODE ANN. § 1051.001 (West 2012).

professional services," but instead "the acts creating the claim must 'aris[e] out of the provision of professional services.'" *Found. Assessment, Inc.*, 426 S.W.3d at 835 (citing *Pelco Constr., Inc.*, 404 S.W.3d at 54-55).

We have reviewed TIC's petition and conclude its claims against Perkins & Will did not arise out of Perkins & Will's provision of professional services. TIC's claims against Perkins & Will were based on its contention that Perkins & Will was liable for misrepresentations made as the "true seller" of the building. Thus, the "acts" creating the claim were these misrepresentations. TIC did not allege Perkins & Will made any of these representations as architects or in the course of its business as architects. Although the trial court concluded TIC's claims for negligent misrepresentation "necessarily" implicated Perkins & Will's professional expertise, TIC did not allege Perkins & Will should be subject to a higher standard of care because of its professional expertise or otherwise base its claims on any violation of professional standards. Further TIC's allegations regarding Perkins & Will's tenancy were made to show it had knowledge of the building's condition because of its presence, and were not made in reference to any professional activities it conducted on the premises. There is nothing to otherwise suggest Perkins & Will provided *any* services, professional or otherwise, connected to this litigation or related to TIC's claim.

Finally, we cannot agree that the possibility Perkins & Will might possess knowledge about the building's condition because of its professional training or skill alters the "substance" or nature of TIC's claims or transforms them into claims involving the provision of professional services. If the legislature had intended the statute to apply in any case where evidence of professional skill, knowledge, or even a standard of care, might be relevant to a plaintiff's claim, it easily could have said so. *Cf. TGS–NOPEC Geophysical Co*., 340 S.W.3d at 439 (we presume that legislature chooses a statute's language with care, including each word chosen for a purpose,

–11–

while purposefully omitting words not chosen).  Instead, the legislature limited the certificate of merit requirement to claims "arising from the provision of professional services." [5]

We conclude none of TIC's claims against Perkins & Will involved the business of architecture or its provision of architectural services.  Therefore, we affirm the trial court's order denying Perkins & Will's motion to dismiss TIC's fraud claims, but reverse the order dismissing TIC's negligent misrepresentation claim.  We also reverse the trial court's order dismissing TIC's claims against EBI.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

131021F.P05

---

[5] Nor would Perkins & Will's construction of the statute be consistent with the overall purpose of the statute to deter and end meritless claims. *See Jaster*, 2014 WL 2994503, at *10; *Morrison Seifert Murphy,* 384 S.W.3d at 425.  Here, for example, because TIC's claims were not based upon on any actions of Perkins & Will related to the practice of architecture, its inability to obtain the affidavit required by section 150.002(c) would not show its claims lacked merit.  Equally problematic is that Perkins & Will's construction could forever bar a plaintiff's suit even if the plaintiff was not aware of, and had no reason to be aware of, the defendant's professional expertise.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIC N. CENTRAL DALLAS 3, LLC, TIC N. CENTRAL DALLAS 4, LLC, TIC N. CENTRAL DALLAS 4, LLC, TIC N. CENTRAL DALLAS 7, LLC, TIC N. CENTRAL DALLAS 8, LLC, TIC N. CENTRAL DALLAS 9, LLC, TIC N. CENTRAL DALLAS 10, LLC, TIC N. CENTRAL DALLAS 11, LLC, TIC N. CENTRAL DALLAS 13, LLC, TIC N. CENTRAL DALLAS 16, LLC, TIC N. CENTRAL DALLAS 18, LLC, TIC N. CENTRAL DALLAS 19, LLC, TIC N. CENTRAL DALLAS 20, LLC, TIC N. CENTRAL DALLAS 24, LLC, AND MICHAEL DOUGHERTY, Appellants/Cross-Appellees

No. 05-13-01021-CV          V.

ENVIROBUSINESS, INC., D/B/A EBI CONSULTING AND ANISSA WALTON-GREEN, Appellees

PERKINS & WILL, TOM REISENBICHLER, AND DAVID COLLINS, Appellants/Cross-Appellees

On Appeal from the 101st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-13-02857-E.
Opinion delivered by Justice O'Neill.
Justices Francis and Lang-Miers participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order dismissing appellants TIC N. Dallas 3, LLC, et al's claims against appellees Envirobusiness, Inc. d/b/a EBI Consulting and Anissa Walton-Green.

We also **REVERSE** the trial court's order dismissing appellants TIC N. Dallas 3, LLC, et al's claims against appellants/cross-appellees Perkins & Will, Tom Reisenbichler, and David Collins. We **AFFIRM** the trial court's order denying Perkins & Will, Tom Reisenbichler, and David Collin's motion to dismiss with respect to TIC N. Dallas 3, LLC's remaining claims.

We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants TIC N. Central Dallas 3, LLC et al recover their costs of this appeal from appellees Envirobusiness, Inc. and Anissa Walton Green and appellants/cross-appellees Perkins & Will, Tom Reisenbichler, and David Collins.

Judgment entered this 24th day of September, 2014.