ACCEPTED
15-25-00014-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/27/2025 10:11 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00014-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/27/2025 10:11:11 AM
CHRISTOPHER A. PRINE
Clerk

# In the Court of Appeals
# for the Fifteenth District of Texas

## Blackstone Holdings III LP, et al.,
*Appellants,*
### v.

## Primexx Energy Opportunity Fund, LP., et al.,
*Appellees.*

---

## Appeal from the First Business Court Division
## Dallas County, Texas
*Honorable Bill Whitehill, Judge Presiding*

---

## Appellants' Reply Brief

---

Christopher J. Schwegmann
  Texas Bar No. 24051315
  cschwegmann@lynnllp.com
David S. Coale
  Texas Bar No. 00787255
  dcoale@lynnllp.com
Christopher W. Patton
  Texas Bar No. 24083634
  cpatton@lynnllp.com

Yaman Desai
  Texas Bar No. 24101695
  ydesai@lynnllp.com
Kyle A. Gardner
  Texas State Bar No. 24116412
  kgardner@lynnllp.com
Jessica D. Cox
  Texas Bar No. 24114769
  jcox@lynnllp.com

**Lynn Pinker Hurst &
Schwegmann LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201

ORAL ARGUMENT
REQUESTED

Telephone: (214) 981-3800
Facsimile: (214) 981-3839

# TABLE OF CONTENTS

Table of Contents ..................................................................................i

Table of Authorities................................................................................ii

Summary of Reply Argument........................................................................ 1

Reply Argument ................................................................................... 2

    I.      Appellants did not waive their special appearance. ................... 2

          A.     The text of Rule 120a does not support Appellees' waiver argument. ............................................................2

          B.     Appellees argue inapplicable law on the effect of dismissal of the First Lawsuit. .........................................5

          C.     Public policy favors reversal...............................................6

    II.     An alternative basis for affirming the business court's denial does not exist. .................................................................7

          A.     Appellees did not plead or prove specific jurisdiction. .....................................................................7

          B.     Appellees also fail to establish judicial estoppel. .............8

Certificate of Service...............................................................................11

Certificate of Compliance ........................................................................11

i

# TABLE OF AUTHORITIES

## Cases

*Ford Motor Co. v. Cejas*, No. 09-16-00280-CV, 2018 WL 1003791
(Tex. App.—Beaumont Feb. 22, 2018, no pet.)...............................3, 4

*Galley v. Apollo Associated Serves., Ltd.*, 177 S.W.3d 523 (Tex.
App.—Houston [1st Dist.] 2005, no pet.)..............................................9

*Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556 (Tex. 2014)......................2

*Massachusetts Bay Ins. Co. v. Adkins*, 615 S.W.3d 580 (Tex.
App.—Houston [1st Dist.] 2020, no pet.) ...........................................5

*Pulmosan Safety Equip Corp. v. Lamb*, 273 S.W.3d 829 (Tex.
App.—Houston [14th Dist.] 2008, pet. denied)..................................8

*Rush v. Barrios*, 56 S.W.3d 88 (Tex. App.—Houston [14th Dist.]
2001, pet. denied) ...............................................................................6

*TIC V. Cent. Dallas 3, LLC v. Envirobusiness, Inc.*, 463 S.W.3d 71
(Tex. App.—Dallas 2014, pet. denied)................................................5

*Waterman Steamship Corp. v. Ruiz*, 355 S.W.3d 387 (Tex. App.—
Houston [1st Dist.] 2011, pet. denied) ...............................................4

## Summary of Reply Argument

The First Lawsuit was filed on December 12, 2022 in the 298th District Court and dismissed for improper venue on March 29, 2023. This lawsuit (the Fourth Lawsuit) was filed on October 24, 2024. The central question presented by the business court's opinion is whether these two lawsuits (and the two in between) constitute one "entire proceeding" for the purposes of Rule 120a, such that Appellants' successful motion to dismiss in the First Lawsuit waives their special appearance in the Fourth Lawsuit.

The answer is no. This answer is supported by the plain language of the Rule, which permits special appearances as to an entire, single lawsuit or the severable claims therein. And it is consistent with the throughline weaving together the cases relied upon by the parties: waiver arguments predicated on pleadings in prior lawsuits are rejected, but a transferred lawsuit is still one proceeding.

Appellees do not grapple with the Rule's statutory construction. Nor do they offer a consistent interpretation of these cases. Instead, they merely fall back on the similarities between the First and Fourth Lawsuits. But the Rule does not provide for an overlap exception, no prior court has inserted an overlap exception, and one should not be read into the Rule.

With Appellees' waiver argument dispelled, no alternative basis exists for affirming the business court's special appearance denial. Appellees failed to sufficiently allege facts supporting specific jurisdiction, and the record is devoid of evidence justifying its exercise. And Appellees fail to identify a prior

inconsistent statement, necessitating rejection of their judicial estoppel argument.

## Reply Argument

### I. Appellants did not waive their special appearance.

#### A. The text of Rule 120a does not support Appellees' waiver argument.

Appellants' opening brief details the proper construction of Rule 120a's "entire proceeding" phrase. The clause, construed as part of its broader sentence, refers to a particular lawsuit.[1] It does not encompass separately filed lawsuits, regardless of similarities in the facts or claims in the two cases. Reading the sentence in its entirety, Rule 120a allows a party to file a special appearance as to an entire case or to a subset of severable claims within that case.

Appellees do not counter this analysis of the Rule's plain language. Instead, they offer two misguided arguments. *First*, they drumbeat the similarities between the First and Fourth Lawsuits. But Rule 120a's "entire proceeding" phrase does not contain a caveat for distinct though similar cases. Nor does Rule 120a call for an analysis of the degree of overlap in parties, claims, or underlying facts. And Appellees do not cite any prior cases in which the court conducted the type of overlap analysis they seem to

---

[1] *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 563–65 (Tex. 2014) (describing "action and "proceeding" as synonyms, and how "action" refers to "an entire lawsuit" or "proceeding").

proffer. Appellees' attempt to read in a similarity analysis is unsupported by the Rule.

*Second*, Appellees fabricate a strawman by miscasting Appellants' statutory construction as an attempt "to restrict Rule 120a to a specific cause number."[2] This purported restriction is nowhere in Appellants' brief. Rather, as Appellants explain, "entire proceeding" refers to a single case, whether transferred or removed and irrespective of a change in cause number, but not to separately filed lawsuits.

Appellants' construction is reinforced by the three cases discussed by the parties. The most analogous case, *Ford Motor Co. v. Cejas*, is particularly instructive. There, like here, the defendants filed a motion to dismiss (in that case, for *forum non conveniens*) in the initial lawsuit and a special appearance in a subsequent lawsuit.[3] In rejecting the same waiver argument, the court determined that the subsequent lawsuit was "a new proceeding initiated by the filing of a new petition."[4] The two lawsuits were separate proceedings even though they involved the same parties and the same underlying car accident.[5]

Same here. The Fourth Lawsuit was a "new proceeding initiated by the filing of a new petition," and therefore a different proceeding for the purposes of Rule 120a, irrespective of the overlap with the First Lawsuit.

---

[2] Appellees' Br. at 15.

[3] *Ford Motor Co. v. Cejas*, No. 09-16-00280-CV, 2018 WL 1003791, at *1–2 (Tex. App.—Beaumont Feb. 22, 2018, no pet.).

[4] *Id.* at *5.

[5] *See id.* at *1.

Appellees' attempt to distinguish *Cejas* only further undermines their waiver argument. As Appellees point out, in *Cejas*, the MDL court "explicitly contemplated re-evaluating the new action on jurisdictional grounds."[6] In fact, after the new action was filed, the MDL re-opened the old case and administratively consolidated it with the new matter.[7] Even still, the court determined that the second matter was a "new proceeding," and defendants' special appearances had not been waived.

*Waterman Steamship Corp. v. Ruiz* is also instructive, particularly given Appellees' "virtually identical" argument. *Waterman Steamship* involved two lawsuits—the first filed by Hicks and the second where Hicks intervened—involving the exact same incident and against the same defendants alleging "substantively identical" underlying facts.[8] The defendants filed a special appearance in the second case but not the first. But, again, the court determined that that the defendants had not waived their special appearances by not raising them in the first case.

Appellees attempt to distinguish *Waterman Steamship* by focusing on the separate plaintiffs.[9] But that detail misses the forest through the trees. Appellees' overarching contention that the First and Fourth Lawsuits are one

---

[6] Appellees' Br. at 19 (citing *Cejas*, 2018 WL 1003791, at *1).
[7] *Cejas*, 2018 WL 1003791, at *2.
[8] *Waterman Steamship Corp. v. Ruiz*, 355 S.W.3d 387, 397 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).
[9] Appellees also seek to differentiate *Waterman Steamship* by contending that "any waiver . . . was extinguished" by the first plaintiff's voluntary dismissal. Appellee Br. at 18 (citing *Waterman Steamship*, 355 S.W.3d at 399). If so, Appellees do not identify how that voluntary dismissal was materially different than their own voluntary dismissal of the Third Lawsuit. 1CR0009–10.

proceeding based on "virtually identical" facts is dispelled by *Waterman Steamship*, where a "substantively identical" first lawsuit was insufficient to invoke waiver in a second lawsuit.[10]

Conversely, *Massachusetts Bay Ins. Co. v. Adkins*, relied on by Appellees, is inapposite. *Massachusetts Bay* involved just one case, in which the defendant filed an answer and then subsequently filed a special appearance after the case was transferred to the MDL court.[11] The transfer was merely a continuation of the same case.[12] The MDL Rules supported that conclusion, requiring the original trial court to "transmit the case file" to the MDL court and, upon a transfer back, to "reopen the trial court file" under the prior cause number.[13] The transfer of a proceeding analyzed in *Massachusetts Bay* stands in contrast to the present circumstance, where the First Lawsuit was entirely dismissed and each subsequent lawsuit was filed as an wholly new case with a new original petition.

### B. Appellees argue inapplicable law on the effect of dismissal of the First Lawsuit.

The First Lawsuit was dismissed by the 298th District Court for improper venue, having the effect of "plac[ing] the parties in the position that they were in before the court's jurisdiction was invoked."[14] Appellees seek to

---

[10] *Id.*

[11] *Massachusetts Bay Ins. Co. v. Adkins*, 615 S.W.3d 580, 592 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

[12] *Id.* at 599.

[13] *Id.*

[14] 1CR187–88; *See TIC V. Cent. Dallas 3, LLC v. Envirobusiness, Inc.*, 463 S.W.3d 71, 77 (Tex. App.—Dallas 2014, pet. denied).

minimize that effect, citing examples of *voluntary* dismissals. But the First Lawsuit was not voluntarily dismissed. And unlike dismissals voluntarily taken by a party, a dismissal without prejudice ordered by a court wipes the slate clean "as if the suit had never been brought."[15] Appellees' voluntary dismissal argument is inapplicable to this case.

Appellees' reliance on *Rush v. Barrios* suffers from the same defect. In *Rush*, the appellant intervened in an underlying products liability case before voluntarily dismissing his request for intervention.[16] Because the appellant *voluntarily* "withdrew his plea," he could not assert a special appearance in the subsequent declaratory judgment action.[17] In contrast, the court's dismissal of the First Lawsuit was not voluntary, and therefore did place the parties in the position they occupied prior to the First Lawsuit being filed.[18]

## C.    Public policy favors reversal.

As Appellants' opening brief details, the business court's holding opens the door to a host of "consent" arguments, forcing future parties and courts to analyze the degree of relatedness needed between two separate lawsuits to constitute a waiver of a special appearance. In response, Appellees do not

---

[15] *Id.*

[16] *Rush v. Barrios*, 56 S.W.3d 88, 104 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

[17] *Id.*

[18] *Rush* is also distinguishable for two additional reasons: First, *Rush* was unique by virtue of being a declaratory judgment action, where the court only had jurisdiction "over [the] declaratory judgment action seeking a determination of the parties' rights to attorney's fees generated by [the] underlying products case" because it had jurisdiction "over the underlying controversy." *Id.* at 105–06. Second, in the underlying action, the appellant affirmatively sought recovery. *Id.* at 105. Neither characteristic is present here.

dispel these practical and policy considerations. Instead, they merely contend that "there was no need" for the business court to consider them. But that does not invalidate the policy concerns.

Appellants instead turn to their own policy consideration—the interest of Texas courts in adjudicating the broader dispute. Appellees ignore that a Texas court is adjudicating the remainder of the dispute; the parties that executed the operative partnership agreement have continued to litigate, and the business court has continued to issue rulings. And Appellees presuppose Appellants' involvement, but Texas courts have no interest in adjudicating claims against Appellants where Texas courts lack personal jurisdiction over them.

## II. An alternative basis for affirming the business court's denial does not exist.

### A. Appellees did not plead or prove specific jurisdiction.

Appellees do not identify how they met their initial jurisdictional pleading burden as to each Appellant. Nor can they, because they did not. But even if Appellees had cleared that bar, they still failed to establish the existence of specific jurisdiction through evidence.

Appellees offer only two purported justifications for the exercise of specific jurisdiction: (1) certain Appellants "invested hundreds of millions of dollars into Primexx;" and (2) other Appellants "received hundreds of

millions of dollars in Callon shares as a result of the forced sale."[19] Both are woefully insufficient to confer jurisdiction.

*First*, Appellees' "investment" basis is specious at best. As reflected in the record, two Appellants—Blackstone Energy Partners II LP and Blackstone Capital Partners VII LP—committed to invest funds into BPP HoldCo LLC (another co-defendant), which, in turn, would invest into Primexx.[20] These investments occurred in 2016—***more than five years*** before the Primexx transaction Appellees challenge.[21] The investment would hardly be mentioned, much less "the focus of the trial."[22]

*Second*, Appellants' after-the-fact receipt of Callon shares is equally irrelevant. Appellees do not explain how distribution of shares months after the transaction could constitute an operative fact in a case challenging the value of the transaction itself. And even if these facts were somehow operative, mere receipt of funds from a transaction touching Texas is insufficient to confer jurisdiction.[23]

## B. Appellees also fail to establish judicial estoppel.

As an initial matter, Appellees' judicial estoppel argument dances around one critical inconsistency—judicial estoppel requires "a sworn,

---

[19] Appellees' Br. at 31.
[20] 1CR0050.
[21] *Id.*
[22] *See Pulmosan Safety Equip Corp. v. Lamb*, 273 S.W.3d 829, 839 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (in identifying the operative facts, courts look to "the facts that would be the focus of the trial").
[23] *See* Appellants' Br. at 32 n.76 (collecting cases).

inconsistent statement be ***made in a prior judicial proceeding***" and "does not apply to contradictory positions taken in the same proceeding."[24] If, as Appellees' contend, the First Lawsuit and Fourth Lawsuit are purportedly the same proceeding (they are not), then judicial estoppel cannot apply.

Regardless, judicial estoppel is inapplicable because Appellees do not identify a prior inconsistent statement. The sole statements Appellees reference are from Appellants' Motion to Dismiss for Improper Venue in the First Lawsuit.[25] In that motion, Appellants argued that the Partnership Agreement and its forum-selection clause applies only to signatories, such as Appellees, and does not bind or confer jurisdiction over Appellants.[26] That contention is entirely consistent with Appellants' statements here: Appellants "are not parties to the relevant Limited Partnership Agreement" and there are no basis to bind or confer jurisdiction over Appellants.[27] Because both positions are consistent and rely on the same underlying contractual language, they do not give rise to judicial estoppel.

---

[24] *Galley v. Apollo Associated Serves., Ltd.*, 177 S.W.3d 523, 528–29 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (emphasis added).
[25] Appellees' Br. at 26.
[26] *See* 1CR0178.
[27] *See* 1CR0235.

9

DATE: June 27, 2025

Respectfully submitted,

*/s/ David S. Coale*
Christopher J. Schwegmann
  Texas Bar No. 24051315
  cschwegmann@lynnllp.com
David S. Coale
  Texas Bar No. 00787255
  dcoale@lynnllp.com
Christopher W. Patton
  Texas Bar No. 24083634
  cpatton@lynnllp.com
Yaman Desai
  Texas Bar No. 24101695
  ydesai@lynnllp.com
Kyle A. Gardner
  Texas State Bar No. 24116412
  kgardner@lynnllp.com
Jessica D. Cox
  Texas Bar No. 24114769
  jcox@lynnllp.com
**Lynn Pinker Hurst &
  Schwegmann LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  (214) 981-3800
Facsimile:   (214) 981-3839

***Attorneys for Appellants***

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served on all counsel of record via eFileTexas on June 27, 2025.

/s/ David S. Coale
David S. Coale

## Certificate of Compliance

I certify that this Brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 2,131 words, including words in screenshots, and excluding parts exempted by Tex. R. App. P. 9.4(i)(1).

June 27, 2025

/s/ David S. Coale
David S. Coale

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kerri Jones on behalf of Yaman Desai
Bar No. 24101695
kjones@lynnllp.com
Envelope ID: 102514557
Filing Code Description: Brief Requesting Oral Argument
Filing Description: 2025-06-27 Appellants' Reply Brief (Attenuated BX Defendants SA)
Status as of 6/27/2025 10:39 AM CST

Associated Case Party: Blackstone Holdings III LP, et al.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Julie Archuleta | | jarchuleta@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| David S.Coale | | dcoale@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| Christopher JSchwegmann | | cschwegmann@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| Christopher W.Patton | | cpatton@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| Scott Smoot | | ssmoot@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| Yaman Desai | | ydesai@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| NATALIE STALLBOHM | | nstallbohm@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| Gina Flores | | gflores@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| Kyle A.Gardner | | kgardner@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| Kerri Jones | | kjones@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |
| Jessica Cox | | jcox@lynnllp.com | 6/27/2025 10:11:11 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Theressa Washington | | theressa.washington@troutman.com | 6/27/2025 10:11:11 AM | SENT |

Associated Case Party: Primexx Energy Opportunity Fund, LP., et al.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bryan Caforio | | bcaforio@susmangodfrey.com | 6/27/2025 10:11:11 AM | SENT |
| Michelle Williams | | mwilliams@susmangodfrey.com | 6/27/2025 10:11:11 AM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kerri Jones on behalf of Yaman Desai
Bar No. 24101695
kjones@lynnllp.com
Envelope ID: 102514557
Filing Code Description: Brief Requesting Oral Argument
Filing Description: 2025-06-27 Appellants' Reply Brief (Attenuated BX Defendants SA)
Status as of 6/27/2025 10:39 AM CST

Associated Case Party: Primexx Energy Opportunity Fund, LP., et al.

| | | | | |
|---|---|---|---|---|
| Michelle Williams | | mwilliams@susmangodfrey.com | 6/27/2025 10:11:11 AM | SENT |
| Josephine Wang | | jwang@susmangodfrey.com | 6/27/2025 10:11:11 AM | SENT |
| Stephen Shackelford | | SShackelford@susmangodfrey.com | 6/27/2025 10:11:11 AM | SENT |
| Sarah Hannigan | | sHannigan@susmangodfrey.com | 6/27/2025 10:11:11 AM | SENT |
| Lindsey Eccles | | leccles@susmangodfrey.com | 6/27/2025 10:11:11 AM | SENT |
| Jeremy Fielding | | jeremy.fielding@kirkland.com | 6/27/2025 10:11:11 AM | SENT |
| Zack Ewing | | zack.ewing@kirkland.com | 6/27/2025 10:11:11 AM | SENT |
| Roger Cowie | | roger.cowie@troutman.com | 6/27/2025 10:11:11 AM | SENT |
| Taylor Levesque | | Taylor.Levesque@troutman.com | 6/27/2025 10:11:11 AM | SENT |
| Laura Brigham | | laura.brigham@kirkland.com | 6/27/2025 10:11:11 AM | SENT |