

# NUMBER 13-25-00266-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MELDEN & HUNT, INC.,                                                    **Appellant,**

v.

DEANIRA CANTU, PABLO
RUBALCABA, DOMINGO PENA
JR., JANET PENA, MONICA
CAVAZOS, JUANITA "JANIE"
AND ROMAN RODRIGUEZ,
FELICITAS AND JOSE GARZA,
NORMA SUAREZ, CASSANDRA
AYALA, GERARDITA GARZA,
BENITO HUERTA, MAGDALENA
RODRIGUEZ, EVANGELINA AND
ROGELIO MELCHOR, LIDIA
HERNANDEZ, ALFREDO AND
ESPERANZA SALINAS, AND
JUAN LOPEZ,                                        **Appellees.**

## ON APPEAL FROM THE 206TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

# OPINION

## Before Justices Silva, Cron, and Fonseca
## Opinion by Justice Silva

Appellant Melden & Hunt, Inc. (M & H) appeals the trial court's order denying its motion to dismiss in favor of appellees Deanira Cantu, Pablo Rubalcaba, Domingo Pena Jr., Janet Pena, Monica Cavazos, Juanita "Janie" and Roman Rodriguez, Felicitas and Jose Garza, Norma Suarez, Cassandra Ayala, Gerardita Garza, Benito Huerta, Magdalena Rodriguez, Evangelina and Rogelio Melchor, Lidia Hernandez, Alfredo and Esperanza Salinas, and Juan Lopez. In two issues, M & H argues that the trial court abused its discretion when it denied its motion to dismiss because (1) appellees failed to file a certificate of merit with their original petition, and (2) the certificate of merit appellees filed with their amended petition is insufficient. We reverse and remand.

## I. BACKGROUND

On October 9, 2024, appellees filed their original petition against Texas Cordia Construction, LLC (TCC), M & H, and Ruben James de Jesus.[1] Appellees identified themselves as residents of the Lull subdivision in Edinburg, TCC as the general contractor that performed work for the City of Edinburg's (City) "Lull Street Improvement Project, #2021-24" (the Project), M & H "as the business that contracted with the City or others to perform design and other work in connection with the Project," and Ruben as "an engineer or architect . . . associated with [M & H] in connection with the Project." According to appellees, the Project included paving improvements and reconstruction of existing

---

[1] Texas Cordia Construction, LLC and Ruben James de Jesus are not parties to this appeal.

streets, plus curb and gutter installation on specific streets within the Lull subdivision. TCC's work on the Project included "site grading, excavating subgrade, installation of utilities and storm drainage systems, street paving, curbing and other improvements." Appellees alleged that TCC "performed its work on the Project without any regard for [appellees] or for its agreement with the City" and claimed, among other things, that they sustained damages to their persons, homes, vehicles, and other property as a result of TCC's activities in attempting to complete the Project. Appellees also alleged that M & H and Ruben unreasonably delayed responding to several requests for information by TCC in connection with the Project.

Appellees asserted negligence claims against TCC, M & H, and Ruben. Appellees also raised gross negligence, breach of contract, subrogation, nuisance, and breach of warranty claims against TCC, but claimed that TCC, M & H, and Ruben were jointly liable for all damages sustained by appellees. Appellees requested declaratory relief, actual damages, exemplary damages, pre- and post-judgment interest, court costs, and attorney's fees. The original petition stated in relevant part:

> With respect to all causes of action for damages asserted herein arising out of the provision of professional services by licensed architects, engineers, land surveyors, landscape architects, or the firm in which such licensed or registered professional practices, under [Texas Civil Practice and Remedies Code] § 150.001, *et. seq.*, and any similar statutes or laws, the [appellees] will supplement their pleading with an affidavit from a licensed professional engineer or other third party licensee or registrant who holds the same professional license or registration in Texas as the relevant defendant or licensed professional and is knowledgeable in the same area of practice and actively engaged in practice of that filed in this state. Such affidavit or "Certificate of Merit" offers testimony based on the affiant's knowledge, skill, experience, education, training, and practice and addresses each theory of recovery, setting forth specifically, for each relevant theory of recovery for which damages are sought: the negligence,

3

if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. Such affidavit shall be executed by John Metting, a third party licensed professional engineer in Texas, and it shall be filed within 30 days after the filing of this Petition, per [Texas Civil Practice and Remedies Code] § 150.002[(c)].

On November 7, 2024, appellees filed an amended petition which removed Ruben as a party but included the certificate of merit by Metting.

On December 3, 2024, M & H filed its motion to dismiss pursuant to the Texas Civil Practice and Remedies Code Section 150.002(e). *See id.* § 150.002(e). In its motion, M & H identified itself as an engineering firm authorized and licensed to practice engineering in Texas. It argued that appellees failed to file a certificate of merit contemporaneously with its complaint against M & H as required by the statute. *See id.* § 150.002(a). M & H also argued that the exception to the contemporaneous filing requirement contained in Section 150.002(c) does not apply because appellees failed to allege that "the period of limitation would expire within 10 days of the original filing date and . . . [that] an affidavit by a professional could not be prepared due to any time constraint." *See id.* § 150.002(c).

On February 21, 2025, appellees filed a response to M & H's motion to dismiss combined with a motion for leave to supplement pleadings. Appellees argued that their original petition "referenced the applicable statute and exception, and the very reason for citing the statute was to notify [M & H] that a [c]ertificate of [m]erit was forthcoming." Appellees requested the trial court to find that their pleadings "substantially complied with the statute," find that their certificate of merit was timely, and deny M & H's motion to dismiss accordingly. Appellees requested in the alternative that the trial court "find 'good

4

cause' and grant them leave to supplement their petition with the necessary allegations regarding the [c]ertificate of [m]erit by March 6, 2025, because [appellees] mistakenly failed to alleged the limitations period would expire within ten days and that an affidavit could not be prepared due to time constraints, even though such was the case."

On December 5, 2025, the trial court signed its order denying M & H's motion to dismiss.[2] This accelerated interlocutory appeal followed. *See id.* § 150.002(f).

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's order on a motion to dismiss under Texas Civil Practice and Remedies Code Section 150.002 for abuse of discretion. *Miramar Petroleum, Inc. v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 217 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied) (citing *TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex. App.—Dallas 2014, pet. denied)). However, if resolution of the issues requires us to interpret or construe statutory language, we conduct a de novo review. *Envirobusiness*, 463 S.W.3d at 76; *see also Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 491 (Tex. 2017). Section 150.002, entitled "Certificate of Merit," states:

> [I]n any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, a claimant shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor [who meets certain requirements as set forth in the statute].

TEX. CIV. PRAC. & REM. CODE § 150.002(a). "[F]or each theory of recovery for which

---

[2] The trial court did not rule on appellees' motion for leave to supplement their pleadings.

5

damages are sought," the certificate of merit must set forth "the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim." *Id.* § 150.002(b). A claimant's failure to file the affidavit in accordance with Section 150.002 "shall result in dismissal of the complaint against the defendant," which "may be with prejudice." *Id.* § 150.002(e). A "[c]laimant" is defined as "a plaintiff . . . seeking recovery for damages, contribution, or indemnification" and a "[c]omplaint" is defined as "any petition or other pleading which, for the first time, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services by the licensed or registered professional." *Id.* § 150.001(1-a), (1-b). "Licensed or registered professional" is defined, in relevant part, as a "licensed professional engineer. . . or any firm in which such licensed . . . professional practices, including but not limited to a corporation, professional corporation, . . . or any other business entity." *Id.* § 150.001(1-c). "Absent a properly filed certificate of merit, professionals have the right to avoid litigation entirely." *LaLonde v. Gosnell*, 593 S.W.3d 212, 220 (Tex. 2019).

As shown above, Section 150.002 generally requires that a certificate of merit be filed contemporaneously with a petition asserting claims against licensed professional engineers such as M & H. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(a). However, the contemporaneous filing requirement does not apply to any case "in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, a claimant has alleged that an affidavit of a third-party

6

licensed . . . professional engineer . . . could not be prepared." *Id.* § 150.002(c). In that situation, a claimant "shall" be granted a thirty-day extension to file a certificate of merit and may obtain further extensions for "good cause" and as the trial court determines "justice requires." *See id.*

### III.   ANALYSIS

In its first issue, M & H argues that the trial court abused its discretion when it denied its motion to dismiss because appellees "failed to attach a certificate of merit with their original petition and failed to properly invoke the exception in Section 150.002(c)." Appellees do not dispute that they failed to attach a certificate of merit to their original petition but argue that said petition "satisfied all requirements imposed by [S]ection 150.002(c)" because it "alleged facts giving rise to a potential October 12, 2024 limitations deadline" and "expressly recognized the need for a certificate of merit and explained not only that [appellees] would be filing one imminently," but identified the third-party licensed professional by name.

As previously discussed, Section 150.002(c) grants a plaintiff thirty days after filing the petition to supplement the pleadings with the certificate of merit affidavit if the claimant (1) files suit within ten days of the date the applicable limitations period expires, and (2) alleges that a certificate of merit could not be prepared because of such time constraints. *Id.* Securing the additional thirty-day period to supplement the petition with a certificate of merit requires the claimant to satisfy both requirements, including alleging "that its near-limitations filing prevented the preparation of a certificate of merit." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014) (citing TEX. CIV.

7

PRAC. & REM. CODE § 150.002(c)). Appellees failed to allege in their original petition that filing so close to the limitations deadline prevented them from preparing a statutorily compliant certificate of merit. *See Tex. S. Univ. v. Kirksey Architects, Inc.*, 577 S.W.3d 570, 576 (Tex. App.—Houston [14th] 2019, no pet.) (holding that a plaintiff was not entitled to a thirty-day extension when it did not allege in its petition that its filing near the statute of limitations prevented the preparation of a certificate of merit); *Barrientos v. Jacobs Eng'g Grp. Inc.*, No. 13-20-00092-CV, 2021 WL 3411869, at *3 (Tex. App.— Edinburg–Corpus Christi Aug. 5, 2021, no pet.) (mem. op.) (same).

Appellees argue that they "expressly invoked [S]ection 150.002(c) in the section of their petition discussing the certificate of merit" and argue that "no conceivable reason exists for doing so other than to indicate why, consistent with that section's terms, a certificate of merit was not being filed with the original petition." Appellees further suggest that its "invocation of [S]ection 150.002(c) at a minimum substantially complied with the contemporaneous filing exception." The phrase "substantial compliance" generally means that "one has performed the 'essential requirements' of a statute, and it excuses deviations which do not seriously hinder the legislature's purpose in imposing such requirements." *Endeavor Energy Res., LP v. Trudy Jane Anderson Testamentary Tr. ex rel. Anderson*, 644 S.W.3d 212, 220 (Tex. App.—Eastland 2022, pet. denied). However, we conclude that an original petition's mere reference to Section 150.002(c) and assertion that a certificate of merit is forthcoming, without explicitly making the allegations required by that section, does not substantially comply with that section's time constraint allegation requirement. *See Crosstex Energy Servs., L.P.*, 430 S.W.3d at 391; *Endeavor Energy*

8

*Res., LP*, 644 S.W.3d at 220. Therefore, the trial court abused its discretion when it denied M & H's motion to dismiss. We sustain M & H's first issue.[3]

### IV. CONCLUSION

Because the trial court abused its discretion in denying M & H's motion to dismiss pursuant to Texas Civil Practice and Remedies Code Section 150.002, we reverse the trial court's order and remand this cause to the trial court to determine whether dismissal should be with or without prejudice to refiling. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(e); *Studio E Architecture & Interiors, Inc. v. Lehmberg*, No. 04-19-00026-CV, 2019 WL 3229194, at *2 (Tex. App.—San Antonio Apr. 17, 2019, pet. denied) (mem. op.) (reversing trial court's order denying a Section 150.002 motion to dismiss and remanding for determination whether dismissal should be with or without prejudice).

CLARISSA SILVA
Justice

Delivered and filed on the
4th day of June, 2026.

---

[3] Having sustained M & H's first issue, which is dispositive of this appeal, we decline to address its second issue. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

9